CHARLOTTE H. L. BLAKE ET AL. *vs.* THE UNION AND NEW HAVEN TRUST COMPANY ET AL., ADMINISTRATORS.

*First Judicial District, Hartford, May Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, JS.

General Statutes, § 4946, prescribes that if, after the making of a will, a child is born to the testator, "and no provision is made in the will for such contingency," such birth shall operate as a revocation of such will. *Held* that the "provision" for the contingency mentioned in the statute did not require a testamentary gift to or for

*Transferred from the third judicial district.

the benefit of such after-born child, but was satisfied by some statement or declaration by the testator in his will making it clear that such child had not been passed by through inadvertence.

In the present case the testator had two children, eight and ten years old, when he made his will giving all of his property to his wife, and a third child was born four months thereafter. The will contained a clause declaring that the testator made "no separate provision for any children that I may have, because I know that my wife will herself make such provision for them out of my estate as I should approve and desire." *Held* that the will was drawn in plain contemplation of the likelihood of the birth of this child, and that the obvious purpose of the testator in making that fact manifest in his will was to forestall the operation of the statute upon the realization of that contingency; and therefore that the birth of such after-born child did not revoke the will.

To "provide" for a contingency is to prepare for the happening implied by its nature. It assumes and implies prevision of the possible event, and that the present undertaking is entered upon in full contemplation of the future possibility.

Argued May 13th—decided July 20th, 1920.

APPEAL from an order and decree of the Court of Probate for the district of New Haven approving and admitting to probate a certain written instrument as the last will of Theodore Whitney Blake of Hamden, deceased, taken by the plaintiffs to, and reserved by, the Superior Court in New Haven County, *Warner, J.,* upon the defendants' demurrer to the reasons of appeal, for the advice of this court. *Superior Court advised to sustain the demurrer and dismiss the appeal.*

*George D. Watrous* and *Harrison Hewitt,* for the defendants.

*Leonard M. Daggett* and *Eliot Watrous,* for the plaintiffs.

CASE, J. The paper which the Court of Probate accepted as Mr. Blake's will was duly executed by him March 11th, 1911, and admitted to probate January

14th, 1920. Aside from its purely formal parts it is in three paragraphs. The first of them disposes of all the testator's property to his wife, and the last names her as executrix of the will. The intervening clause is this: "I make no separate provision for any children that I may have, because I know that my wife will herself make such provision for them out of my estate as I should approve and desire." There were two children of the testator living at the time the will was executed, then respectively ten and eight years old. A third was born four months later, on July 15th, 1911. Section 4946 of the General Statutes, reads in part as follows: "If, after the making of a will, the testator shall marry, or if a child is born to the testator, and no provision is made in the will for such contingency, such marriage or birth shall operate as a revocation of such will." The appeal from the action of the Court of Probate rests solely upon the claim that the will makes no "provision for the contingency which happened," and that it was consequently revoked by the subsequent birth of the child who is one of the appellants. The demurrer challenges the soundness of this proposition, and directly presents for construction the section of the statutes already quoted.

The contention, advanced with apparent seriousness, that the testator does not necessarily appear to have had in mind the contingency of the subsequent birth of a child deserves no consideration. His purpose to cover that possibility is manifest from the language he employed. Only a strained and wholly inapt use of the expression "children that I may have" can restrict it to the two then in existence. Moreover, when Mr. Blake used this term in the setting which the context gives it, he must be presumed to have regarded the birth of another child not, indeed, as a distant and speculative contingency, but as an event in actual

expectation and reasonably certain to occur. His language, under circumstances which necessarily imply knowledge warranting that belief, admits of no sensible question that he expressly intended to anticipate an event which was fulfilled four months later by the birth of another son.

As the provisions of the will were drafted in plain contemplation of the likelihood of this child being born to the testator, his only apparent purpose in making this manifest in the paper itself was to forestall the operation of the statute upon the realization of that contingency. It is at least suggestive not only of that purpose, but of Mr. Blake's belief that he had attained it, that the will was not re-executed, and never superseded by a later one, although he lived more than eight years after the happening of the contingency which, unprovided for, he is presumed in law to have known would render wholly nugatory every testamentary direction he had expressed.

The situation, therefore, discloses a plain purpose to make provision for the contingency of an after-born child,—the single question being whether the purpose was so accomplished as to satisfy the requirements of the statute. There can be no doubt of this unless the appellants are right in insisting, as they do, that the provision for the contingency which the statute demands, is a positive and beneficial provision for the child. This palpable confusion of uses of the word "provision," is neither justified by the plain sense in which the word is here employed, nor by anything in the general policy of our law upon the subject when the statute was originally enacted in 1801. To provide for a contingency is to prepare for the happening implied by its nature. Provision for, assumes and implies prevision of the possible event,—foresight enough of the chance of its happening to indicate that any present under-

taking, upon which its assumed realization might exert a natural and proper influence, was entered upon in full contemplation of it as a future possibility. The phrase means no more than this as the statute uses it, and demands no more of the testator in his treatment of possible future issue, than of children in existence. The statute designedly secures the after-born child against being passed by through inadvertence; it puts no further restriction upon the testator's testamentary rights. A distinction which the appellants wholly ignore is recognized and well expressed in an Alabama case which clearly differentiates statutes "which require provision for the child, instead of for the contingency of a child." *Shackelford* v. *Washburn*, 180 Ala. 168, 174, 60 So. 318.

We find no basis therefore for the appellants' claim that the framers of our statute of 1801 intended by its terms to secure a positive and beneficial provision for an after-born child. Its language not only warrants no such construction, but is too clear in itself to justify a resort to outside aid in establishing its meaning. For this reason nothing is to be gained from the laws of other States on the general subject, or from following the development of the kindred common-law rule through more than a century and a half of case-discussion until definitely and finally settled in 1836 by the case of *Marston* v. *Roe*, 8 Ad. & El. 14.

The Superior Court is advised to sustain the demurrer, and to dismiss the appeal from the order and decree of the Court of Probate.

No costs will be taxed in favor of either party in this court.

In this opinion the other judges concurred.