HELEN S. STRONG *vs.* VICTORIA C. STRONG, EXECUTRIX (HELEN S. STRONG'S APPEAL FROM PROBATE).

First Judicial District, Hartford, March Term, 1927.

WHEELER, C, J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

The power to dispose of property by will is a statutory privilege and can only be exercised upon strict compliance with the conditions imposed by the General Assembly.

This court has no power over a statute which declares the legislative intent in plain, direct and unambiguous terms.

If a will only partially expresses the testator's wishes, the lack cannot be supplied by assumptions as to his probable intent.

Section 4946 of the General Statutes provides that if, after the making of a will, a child is born to the testator, and no provision

Strong *v.* Strong.

is made in the will for such contingency, such birth shall operate as a revocation of such will. *Held:*

1. That the "provision" for the contingency mentioned in the statute did not require a testamentary gift to or for the benefit of such after-born child, but was satisfied by some statement or declaration in the will making it clear that the child had not been passed by through inadvertence.

2. That, in the absence of such a provision, the will is completely revoked by the subsequent birth of a child, and not merely to the extent that the child shall be permitted to share in the estate under the statute of distributions.

Argued March 1st—decided April 11th, 1927.

APPEAL by the plaintiff from an order of the Court of Probate for the district of Hebron, admitting to probate an instrument purporting to be the last will and testament of David K. Strong, late of Hebron, deceased, taken to the Superior Court in Tolland County and tried to the court, *Marvin, J.;* judgment rendered sustaining the appeal and setting aside the order of the Court of Probate, from which the defendant appealed. *No error.*

*Ufa E. Guthrie,* with whom, on the brief, were *Albert C. Bill* and *Albert S. Bill,* for the appellant (defendant).

*Thomas C. Flood,* for the appellee (plaintiff).

HAINES, J. The paper in question was executed by David K. Strong March 25th, 1920, as his last will, at which time he had only one child, Helen Shailer Strong, from whose mother he had previously been divorced, and a second wife, Victoria C. Strong, the present appellant, to whom he gave all his property by the second clause of the will. On April 29th, 1922, after the making of this will, a daughter Jean Victoria Strong was born to the testator and his wife Victoria C. Strong. The testator died September 9th, 1924, without making any change in the will and it was admitted to probate April 8th, 1925.

The will contains four operative paragraphs, and those material to the present inquiry are:

"(2) I give, devise and bequeath to my wife, Victoria C. Strong, of said Hebron, all the property of which I may die possessed, both real and personal, and wheresoever situated, to be hers absolutely and forever.

"(3) I make no bequest to my daughter Helen Shailer Strong because I have heretofore paid to her mother sufficient sums to enable her to support my said daughter and do not feel in duty bound to make further provision for her nor do I feel that she will need any further assistance from me or my estate."

The present appeal rests upon a single claim, viz., that the Superior Court erred in holding that General Statutes, §4946, operated as a total revocation of this will. The relevant portions of that statute at the time the will was made were and still are the following: "Sec. 4946. If, after the making of a will, the testator shall marry, or if a child is born to the testator, and no provision is made in the will for such contingency, such marriage or birth shall operate as a revocation of such will." The appellant, Victoria C. Strong, asks this court to hold that the statute should be so construed as to work a revocation *pro tanto* and only so far as to allow the after-born child to share in the estate under our intestate laws.

In *Blake* v. *Union & New Haven Trust Co.,* 95 Conn. 194, 110 Atl. 833, it was earnestly argued that the statutory "provision . . . for such contingency" meant beneficial provision for the unborn child. As to this we said: "This palpable confusion of uses of the word 'provision,' is neither justified by the plain sense in which the word is here employed, nor by anything in the general policy of our law upon the subject when the statute was originally enacted in

1801. To provide for a contingency is to prepare for the happening implied by its nature. Provision for, assumes and implies prevision of the possible event,—foresight enough of the chance of its happening to indicate that any present undertaking, upon which its assumed realization might exert a natural and proper influence, was entered upon in full contemplation of it as a future possibility. The phrase means no more than this as the statute uses it, and demands no more of the testator in his treatment of possible future issue, than of children in existence. The statute designedly secures the after-born child against being passed by through inadvertence." And we cited *Shackelford* v. *Washburn*, 180 Ala. 168, 174, 60 So. 318, where a clear differentiation was made between statutes "which require provision for the child instead of for the *contingency* of a child."

The established meaning of our statute, then, requires that we find in the will of David K. Strong some provision for the contingency of an after-born child. That there is none, is too clear for argument. We cannot amend the statute to provide that if there be an after-born child with no provision for the contingency, it shall operate as a revocation of such will *"pro tanto."* The statute says it operates as a revocation of the will. We do not overlook the claim, urgently pressed upon us, that while the conceded purpose of the statute is to secure the after-born child against being passed by through the inadvertence of the testator, the result of holding the will revoked, will —in this case—work to the advantage of the first child and to the disadvantage of the after-born daughter, Jean V. Strong. This, however, if it followed, is not brought about by the statute, but by the circumstances surrounding the testator and by the other provisions which he saw fit to make. The will makes

no reference to the contingency of an after-born child and the statute properly presumes that this was an inadvertence.

The argument that the after-born child will benefit by sustaining the will is legally unsound and based upon a gratuitous assumption. The will gave the entire estate to a third person and at the death of the testator left Jean V. Strong, the after-born child, without any legal claim upon his estate. As this third person was her mother, he may have assumed, and probably did, that *she* would provide for her. If this was his intention, he did not require it, and the will therefore only partially expresses his wishes. We cannot supply the lack by assumption. "A distribution the result of assumption in part and in part of fact, would be offensive both to the law and to the testator." *Goodsell's Appeal*, 55 Conn. 171, 180, 10 Atl. 557.

The underlying purpose of this statute clearly is to impose certain requirements upon one who desires to provide for the disposition of his property upon his own death, and such provisions are, as a rule, "not only directory but prohibitory and exhaustive." *Irwin's Appeal*, 33 Conn. 128, 135; *Whitehill* v. *Halbing*, 98 Conn. 21, 23, 118 Atl. 454. This statute is as much a part of our testamentary law as the provision for three witnesses and stands on the same footing as other testamentary requirements. Our law of wills allows "to every person this privilege of individual control" over his estate after death "only upon certain conditions," and no such power "is given to any one who does not come within and strictly comply with these conditions." *Hatheway* v. *Smith*, 79 Conn. 506, 518, 65 Atl. 1068.

The underlying contention of the appellant, Victoria C. Strong, appears in the brief of her counsel:

"Our statute is equivocal and consequently there is room for construction." If this were so, the arguments made in support of the will might well be advanced, but this court has more than once said that the statute is *not* ambiguous. It "is too clear in itself to justify a resort to outside aid in establishing its meaning." *Blake* v. *Union & New Haven Trust Co., supra,* p. 198. "The language of this statute is precise and unambiguous." *Whitehill* v. *Halbing, supra,* p. 23.

The claim that the statute should be read as effecting—not a revocation of the will, but only a revocation *pro tanto,* would be suitable to urge before the legislature, but "it is not our office to legislate. The legislature of the State has, in the statute enacted, declared its will. This declaration is in plain, direct and unambiguous terms. There is no uncertainty about it. Its intent and phraseology are alike clear and unmistakable. Nothing could appear more certainly from a reading of it than that the General Assembly did not choose to limit its operation as suggested . . . and our power over the statute is therefore at an end." *Colchester Savings Bank* v. *Brown,* 75 Conn. 69, 71, 52 Atl. 316.

It results that the failure to provide for the contingency of an after-born child, followed by the birth of the daughter Jean V. Strong, worked a revocation of the will.

There is no error.

In this opinion the other judges concurred.