FULTON TRUST COMPANY, EXECUTOR AND TRUSTEE (ESTATE OF GARDINER TROWBRIDGE) *v.* PETER TROWBRIDGE ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued January 5—decided February 7, 1940.

*John M. Comley,* for the appellants (defendants).

*William C. Strong,* with whom was *Alan M. Mac-Cracken,* and, on the brief, *William S. Hirschberg,* for the appellee (plaintiff).

JENNINGS, J.  The deceased adopted a son after the execution of his will.  The question to be decided is whether that adoption revoked the will under the terms of General Statutes, § 4880.

The finding discloses the following facts:  Gardiner Trowbridge and his wife lived together from the time of their marriage in 1915 to the date of Mr. Trowbridge's death in 1938.  They had no children.  In 1926 Mrs. Trowbridge obtained from an adoption nursery a child ten months old named Carl Houghtaling.  A rule of the nursery, known to both Mr. and Mrs. Trowbridge, required the adoption of such a child after a year's trial.  Both intended at all times to adopt the child, known thenceforth as Peter Trowbridge, but due to procrastination he was not adopted until July 8, 1930.  From the time of Peter's entry into the Trowbridge household, Gardiner Trowbridge became very much attached to him and referred to him and treated him in every respect as his son.

On May 31, 1929, Gardiner Trowbridge executed

his will. At that time he was of the opinion that it was not well to make Peter a rich man. After making certain specific bequests, the life use of three-quarters of the residue is given to his wife. The remaining fourth is charged with an annuity of $2000 "for the maintenance and education of Peter Trowbridge, who is now a member of my household . . . until . . . nineteen hundred and fifty-two at which time any accumulated balance of this two thousand dollars a year shall be paid to said Peter Trowbridge and no further payments shall be made to him from my estate." The will was prepared by the confidential secretary of the Trowbridge family and when Gardiner Trowbridge read the will he made no comment on the foregoing provision nor did he say anything about the adoption of Peter Trowbridge. The net value of the estate is a little over $200,000.

On these facts the trial court concluded that the adoption did not revoke the will and that declarations of the testator that he intended to adopt Peter, made before the execution of the will, were not admissible. Both parties appealed, the defendants claiming error in the former conclusion and the plaintiff in the latter ruling.

General Statutes, § 4880, reads, in part: "If, after the making of a will, the testator shall marry or a child shall be born to the testator or a minor child shall be legally adopted by him, and no provision shall have been made in such will for such contingency, such marriage, birth or adoption of a minor child shall operate as a revocation of such will." In *Blake* v. *Union & New Haven Trust Co.*, 95 Conn. 194, 197, 110 Atl. 833, we had this to say of this statute: "To provide for a contingency is to prepare for the happening implied by its nature. Provision for, assumes and implies prevision of the possible event, foresight enough of the

chance of its happening to indicate that any present undertaking, upon which its assumed realization might exert a natural and proper influence, was entered upon in full contemplation of it as a future possibility." This construction was confirmed in *Strong* v. *Strong*, 106 Conn. 76, 79, 137 Atl. 17, where we said: "The established meaning of our statute, then, requires that we find in the will of David K. Strong some provision for the contingency of an after-born child." Paraphrasing this to fit the facts of this case, the adoption of Peter, occurring after the execution of the will, revoked it unless we find in the will some provision for the contingency. To state the question is to answer it. The intent must be gathered from the will itself. *Sughrue* v. *Barlow*, 233 Mass. 468, 122 N. E. 285. There is no ambiguity in the terms of the will which furnished an opportunity to introduce extrinsic evidence. *Stearns* v. *Stearns*, 103 Conn. 213, 221, 130 Atl. 112. There is nothing in the will which can be construed as a prevision of adoption or provision for the contingency. It follows that the adoption revoked the will. As far as appears from its wording, Peter might have continued indefinitely to be merely a member of the household. The existence of the intention to adopt which is found is not inconsistent with an intention to revoke the will by the adoption over a year after its execution. As suggested by the defendants, the bequest of a $2000 annuity for only twenty-three years is, in view of the size of the estate, more persuasive of an intentional revocation than otherwise.

Some idea of the extent to which this issue has engaged the attention of the courts can be gained from reading the exposition of Surrogate Slater in *Matter of Mosher*, 143 Misc. 149, 256 N. Y. S. 235. He goes back to Cicero and suggests (p. 151) that "that is far

back enough to go for a good start." Much of the conflict in the authorities can be explained by the differing phraseology of the statutes. For cases analogous to that at bar coming to a like conclusion see *Sutton* v. *Hancock,* 115 Ga. 857, 42 S. E. 214; *Ellis* v. *Darden,* 86 Ga. 368, 12 S. E. 652; *In re Guilmartin's Estate,* 282 N. Y. S. 525; *Sughrue* v. *Barlow,* supra.

The plaintiff has requested that we consider its cross-appeal in the event that we find error on the defendants' appeal. It insists that declarations of the testator as to his intention to adopt Peter were admissible. The intention to adopt at the time the will was executed is found and the declarations add nothing to this finding. Error cannot be predicated on the exclusion of evidence offered to prove a fact found.

As indicated in *Equitable Life Assur. Soc.* v. *Slade,* 122 Conn. 451, 465, 190 Atl. 616, the cross-appeal, based on the error claimed in the bill of exceptions, was the proper procedure under the circumstances.

There is no error on the plaintiff's appeal. There is error on the defendants' appeal and the case is remanded to the Superior Court with direction to dismiss the appeal from the Court of Probate.

In this opinion the other judges concurred.