EDGAR MARK WILLIAMS, III, ET AL. v.
ESTATE OF EDGAR MARK WILLIAMS, JR.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 73362

Memorandum filed November 1946.

*Adrian W. Maher,* of Bridgeport, for the Plaintiffs.

*Pouzzner, Hadden, Kopkind* and *Hadden,* of New Haven, for the Defendant.

KING, J. Edgar Mark Williams, Jr., died June 9, 1946, leaving a last will and testament dated September 18, 1943. He was survived by his widow, two sons born prior to the mak' ing of the will, and one son, Peter Sexton Williams, who was born April 26, 1944, after the making of the will but over two years before the death of the testator.

The entire estate was disposed of in paragraph 3 of the will, the material portions of which read as follows: "I give, devise

and bequeath to my wife, Helen C. Williams, or, should she not survive me, to my issue who shall survive me, *per stirpes,* all of the remainder of my property . . ."

Paragraph 6 of the will reads as follows: "Wherever the word 'issue' is used in this, my Will, it shall be deemed to include in its meaning all lawful lineal descendants."

From the admission of the will to probate the three children appealed, the sole reason of appeal being that the will was revoked, under the provisions of § 4880 of the General Statutes, by the birth of the youngest child, Peter. The material portion of § 4880 reads as follows: "If, after the making of a will, . . . a child shall be born to the testator . . . and no provision shall have been made in such will for such contingency, such . . . birth . . . shall operate as a revocation of such will."

Since the testator's wife survived him, under the will the entire estate went to her and none of the children took anything. In other words there is no bequest or devise of any kind made to the children under the terms of the will.

The proponents of the will (appellees) demur to the reasons of appeal on the ground, in effect, that while there is no gift to Peter there is a gift to the testator's issue in the event that his wife fails to survive him, and that this gift constitutes a sufficient provision for the contingency of the birth of Peter to save the will from revocation under the statute.

It is clear from our decisions that an actual gift to the afterborn child is not required in order to save a will under our statute. It is sufficient if the will shows a prevision on the part of the testator of the contingency or possibility of afterborn children. *Blake* v. *Union & New Haven Trust Co.,* 95 Conn. 194, 197; *Strong* v. *Strong,* 106 Conn. 76, 79; *Fulton Trust Co.* v. *Trowbridge,* 126 Conn. 369, 371.

The word "issue," as defined in paragraph 6 of the will itself, would include all children of the testator, since they, of course, are "lawful lineal descendants." Thus it is apparent that under the will Peter is given the same treatment as the other two children. All three are treated alike. If their mother had failed to survive their father, the three children would have taken the entire state in equal shares.

Of course one cannot, by name, refer in a will to a child not then born. Some generality of expression must be permitted

under the statute or else a new will would have to be made each time a child was born. Necessarily, "mention of such children as a class and in terms broad enough to include a specific child is in this respect a sufficient compliance with the statute . . ." *McLean* v. *McLean,* 207 N. Y. 365, 372.

The cases are collected in an annotation in 127 A. L. R. 750, those involving situations most nearly identical with that in the instant case beginning on page 759. The conclusion of the annotator is given on page 759, as follows: "In the majority of cases where the question has arisen, the general terms 'children' etc., . . . have been held to include . . . after-born children, even though there were children living at the time the will was executed; and such an indication of contemplation of the contingency of the after-birth of children, or the 'mention' therein of after-born children, has therefore been held to be sufficient to avoid statutory revocation as to such children."

The use of the word "issue" rather than "children," and of the phrase "per stirpes," by one situated as was this testator indicates a very long-range view, and is strong indication that he had in mind the possibility of having more children and was insistent that they stand on a parity with his living children in their rights in his estate. As pointed out in our case of *Blake* v. *Union & New Haven Trust Co.,* supra, 197, the failure of this testator to re-execute his will or make a new one, although he lived over two years after Peter's birth, is a further indication that he supposed he had attained a compliance with the requirements of our statute, the provisions of which he is presumed to know.

For the foregoing reasons the demurrer to the reasons of appeal is sustained.