## In re FRIZZELL'S WILL.
No. 1136.

County Judge's Court, Charlotte County.

July 25, 1962.

Wotitzky, Wotitzky & Conrad, Punta Gorda, for the First National Bank in Fort Myers, as executor of the estate of Arthur C. Frizzell, deceased.

W. A. Sheppard, Sr., Sheppard & Woolslair, Fort Myers, for Dorothy Carey Frizzell individually and as guardian of the property of Patti Lee Frizzell.

Elwood P. Safron, Punta Gorda, guardian ad litem for Patti Lee Frizzell.

T. Paine Kelly, Jr., Macfarlane, Ferguson, Allison & Kelly, Tampa, and Leroy Hill, Punta Gorda, for eleven legatees.

JOHN T. ROSE, Jr., County Judge.

*Opinion, July 25, 1962:* This court is presently called upon to determine, among other things, whether Patti Lee Frizzell, the adopted daughter of the decedent Arthur C. Frizzell and his surviving wife, Dorothy Carey Frizzell, is entitled to share in his estate as a pretermitted child.

The pertinent facts are not disputed; they are a matter of record.

Mr. Frizzell executed his will on February 15, 1960, leaving to his wife a share of his estate equal to dower, a $25,000 bequest to an adopted son, Arthur Paul Frizzell, and the residue divided among Arthur Paul and ten other named relatives.

He executed a codicil to the will on July 9, 1960, merely changing the executor.

Mr. Frizzell and wife filed a petition to adopt Patti Lee, an infant, on July 11, 1960. Final decree of adoption was entered October 10, 1960.

Mr. and Mrs. Frizzell took Patti Lee into their home under a temporary custody order issued out of this court on April 25, 1960.

Under these circumstances, the residuary legatees filed herein a petition for an order decreeing that Patti Lee is not entitled to inherit any part of the estate.

The executor filed a petition for instructions concerning the rights of Patti Lee, and as to the bequests that must abate in order to raise the child's share if she is to participate, and to raise the very substantial succession taxes.

As a technical matter, the issue of whether or not Patti Lee Frizzell falls within the scope of the pretermitted child statute, §731.11, Florida Statutes, has been raised and argued before this court on motions to dismiss the two petitions. Very helpful briefs have been filed by counsel.

Clearly, Patti Lee was *adopted* after the will and codicil were executed. The will was executed February 15, 1960, the codicil on July 9, 1960. The final decree of adoption was entered on October 10, 1960, and it was then that the new status of Patti Lee was created. Section 72.22, Florida Statutes, provides that — *"By the decree of adoption,* the child shall be the child and legal heir of the adopting parent . . . "

The pretermitted child statute, §731.11, defines a pretermitted child in the following language — *"When a testator omits to provide in his will for any of his children born after the making of the will* and such child has not had bestowed upon him by way of advancement a portion of the testator's property equivalent to a child's part, *unless it appears from the will that such omission was intentional,* such child shall receive a share in the estate of the testator equal in value to that which he would have received if the testator had died intestate. . . . "

When the final decree of adoption was entered on October 10, 1960, Patti Lee became the child of A. C. Frizzell for all purposes. Sections 72.22 and 731.30. In the language of §731.11, Patti Lee was then "his child."

The court has given careful consideration to the argument of counsel for the eleven legatees that the doctrine of pari materia is inapplicable to permit the court to consider the effect of the adoption statute, §72.22. This argument must be rejected on controlling Florida cases and cases from other states, as well as from the texts. In Tsilidis v. Pedakis, 132 So.2d 9 (Fla. 1960), the First District Court of Appeal directly cited and quoted applicable provisions of the probate and adoption statutes, obviously in pari materia. In re Hewett's Estate, 13 So.2d 904 (Fla. 1943), holds that probate and adoption statutes must be construed in pari materia, and this case is authority for the following lan-

guage in 30 Fla. Jur., Statutes §108 — " . . . Thus the statute that declares an adopted child to be a lineal descendant of its adopting parents for the purposes of inheritance should be construed in pari materia with the legislation controlling the order of succession or intestacy."

The conclusion is inescapable that the legislature has taken the humanitarian and laudable position of erasing legal handicaps upon adopted children. Likewise a majority of the courts of our nation have taken a like position.

Counsel for the eleven legatees urges upon the court a construction that would limit the applicability of §731.11 to children *born* to the testator after his will has been executed. The statute, however, doesn't say this. The language is — " . . . *his children born after the making of the will . . .* "

*The adopted child is one of "his children"* in the same sense as is a natural child. Sections 72.22 and 731.30. This court cannot avoid the conclusion from a reading of the pretermitted child statute, §731.11, that an adopted child meeting the criteria therein is a pretermitted child.

Another of the criteria is that the child be "born" after the execution of the will. The will was executed on February 15, 1960. The child was physically born on April 3, 1960. The codicil, merely changing the executor, was executed on July 9, 1960.

But in so far as the adopting parents were concerned, Patti Lee became their child on October 10, 1960, the date of the decree of adoption. It was at that time the new status was created. It was on that day, within the contemplation of the law, that she was "born" to A. C. Frizzell.

There is respected authority to support this conclusion. The Tsilidis case, supra, involved the right of an adult to inherit from his adopting father, *who had never married.* The adult was adopted in Greece under the laws of that nation; the adoption would not have been permitted in Florida. The adopting father died leaving a will executed prior to the adoption. The adoptee was not mentioned in the will.

In its opinion in this case the First District Court of Appeal said, at page 11 — "At first blush it would appear that F. S. §731.30, brings appellant within the purview of F. S. §731.11, but careful analysis discloses that this is not so."

The language clearly indicates that *the only reason* the adult adoptee was not permitted to inherit as the pretermitted heir was because the adopting father had never married, as required by the Florida statute.

This case is also significant for language it omits. The opinion nowhere asserts whether the will was executed before or after the physical birth of the adult adoptee. It was executed prior to the adoption. The *adoption* date is the one that controls.

D. H. Redfearn, Florida's recognized authority in the field of administration of decedents' estate, has concluded that there is now no legal distinction between a child *born to the testator* and one *adopted by the testator* after the execution of the will. 1 Redfearn, Wills and Administration of Estates in Florida, §90, (3d ed. 1957). The same conclusion is reached by the author, 11 U. of Fla. Law Review, page 240, under the title "Effect of Adoption Upon Adoptive Parent's Will."

Thompson on Wills, 3d ed., §22, reaches the same conclusion, when it says, at page 48 — "When the rights of legally adopted children are the same as those born in wedlock so far as such rights relate to inheritance, a child adopted after the will of the adoptive parent is executed is entitled to an heir's share in the testator's estate . . . ".

This court, from the briefs submitted and from independent research, is of the opinion that the great weight of authority in the United States, and the better reasoned cases, reach the conclusion stated by Thompson and Redfearn, supra.

Typical and significant cases from our sister states affirm the statements of these well known authorities.

In Thornton v. Anderson, 207 Ga. 714, 64 S.W.2d 186, 24 ALR2d 1079, the Georgia court asserts, at page 1084 of the ALR citation — " . . . *birth by law and birth by nature* are by our amended adoption statute now treated and considered the same in all respects."

Alexander v. Samuels, 58 P.2d 878, 105 ALR 1171 (Okla. 1936), is another leading case aptly expressing the majority view. The Oklahoma pretermitted child statute and adoption statute are in terms the same as the Florida law.

Said the court in the Alexander case, at pages 1175 and 1176 in ALR —

"While ordinarily the relation of parent and child is the result of the union of a man and woman, this is by no means exclusive nor universal when viewed from the purely legal aspect. * * * We have today almost universal statutes of adoption whereby the relation of parent and child is created with more or less similarity to the natural relation through the marriage of a man and woman. * * * Our stat-

ute . . . purports to confer upon an adopted child, in so far as his adoptive parents are concerned, all of the rights that he could have had under the law had he been born to them as a result of the marriage union. * * *

"We are of the opinion that *a child adopted pursuant to the statute of this state is to be considered as 'born' in lawful wedlock to such adoptive parents . . .* " (Italics added.)

There is no language in the will or codicil of A. C. Frizzell to reflect an intention on the part of the testator to omit any provision for Patti Lee. There is no ambiguity in the will. It is, therefore, conclusive that the omission of Patti Lee from the will was not intentional. The Florida Supreme Court in Adams v. Vidal, 60 So.2d 545 (Fla. 1952), stated the law to be that — " . . . in construing a will the intention of the testator is the controlling factor and it should be gleaned from the four corners of the will unless the language employed by the testator is ambiguous. . . . " And, says Redfearn, at §90 of his third edition — " . . . Parol evidence is not admissible to prove that the testator made his will in contemplation of marriage or the birth of issue."

In Fulton Trust Company v. Trowbridge, 126 Conn. 369, 11 A.2d 393, 127 ALR 747, the Connecticut court said — "The intent must be gathered from the will itself. * * * There is no ambiguity in the terms of the will which furnishes an opportunity to introduce extrinsic evidence. * * * There is nothing in the will which can be construed as a prevision of adoption or provision for the contingency."

It is concluded, and this court holds, that Patti Lee Frizzell is the pretermitted adopted child of A. C. Frizzell, deceased. Since she, her adoptive mother and Arthur Paul Frizzell, an adopted son of the decedent, are all of the heirs at law, Patti Lee will inherit one-third of the estate after administration expenses, claims and taxes.

The eleven legatees have pleaded as their fourth defense to the executor's petition that "advancements" were made to Patti Lee "during the lifetime of the decedent." As a matter of law, this language is insufficient to state a defense to the petition. This is true, first, because the statute (§731.11) permits the pretermitted child to inherit unless there were advancements *equivalent to a child's part.*

In re Hatfield's Estate, 16 So.2d 57 (Fla. 1943), makes the point clear in the following language — " . . . the purpose of the statute (§731.11) is to make compulsory provision for the pretermitted child, *where the testator has not expressed a contrary*

*intention in the will,* or has not bestowed upon the child *by way of advancement,* a portion of his estate *at least* equivalent to a child's part, during his lifetime. . . "

Counsel for the eleven legatees cites several cases to support his contention that the obligations owed by a parent to an adopted child are less onerous than those owed a natural child. The case most strongly relied on to support this conclusion is Passmore v. Morrison, 63 So.2d 297 (Fla. 1953), but this case is authority only for a limiting definition of homestead. In that case the Florida court held that a surviving tenant by the entirety may devise a home place, such surviving tenant having succeeded to the fee simple title. This case, and the others cited, do not support the argument advanced.

Orders will be entered in accordance with the conclusions announced here.

*Order, July 25, 1962:* This cause came on before me for hearing on motions to dismiss directed to two petitions. One petition, styled "Petition for Construction of Will and for Instructions," was filed by the executor, First National Bank in Fort Myers. The other, styled "Petition for Order Requiring Distribution in Accordance With Last Will and Testament," was filed by or on behalf of all beneficiaries named in the decedent's will — except the widow, Dorothy Carey Frizzell. All parties in both petitions are represented by counsel and were properly before the court.

The primary issue raised by the two petitions and the several motions addressed thereto is this — *Shall Patti Lee Frizzell,* the minor adopted daughter of the decedent and his surviving spouse, Dorothy Carey Frizzell, *share in the estate as a pretermitted child?*

The petition for order requiring distribution in accordance with the will, prays for a determination that Patti Lee Frizzell is not a pretermitted child and is therefore not entitled to any part of the estate.

The petition for construction of the will and for instructions, filed by the executor, seeks a determination of the rights of Patti Lee Frizzell and raises other issues.

The executor, the First National Bank in Fort Myers, has moved to strike portions of the answer and defenses and amendment thereto filed by Arthur Paul Frizzell, et al, to the petition for construction filed by the bank.

The court has heard the argument of counsel and has carefully studied the briefs submitted on behalf of the several parties.

48

It is, therefore, ordered, adjudged and decreed —

That the motion to dismiss "Petition for Order Requiring Distribution in Accordance with Last Will and Testament" is granted.

That the motion to dismiss the executor's "Petition for Construction of Will and for Instructions" is denied.

That Patti Lee Frizzell is the pretermitted minor child of the decedent, Arthur C. Frizzell.

That all allegations contained in the answer and defenses and amendment thereto of said Arthur Paul Frizzell, et al, are stricken insofar as they seek to place at issue any matters not consistent with this order.

That the opinion of this court filed herewith is adopted as a part of this order.

That the remaining issues raised by the executor's "Petition for Construction of Will and for Instructions" are reserved for determination on the final hearing on said petition.

That the petitioners seeking an order to require distribution in accordance with last will and testament may plead further herein within 15 days.