[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In 1984, Joseph H. Arzomanian [Arzoomanian] became a participant in the City of Hartford Deferred Compensation Plan ("Plan"). The purpose of the Plan is to extend valued employees of the employer certain benefits which normally accrue from participation in a deferred contract. As such, it was administered through the employer, the City of Hartford, and by Mr. Gennaro Stabile, who was administrator of the fund for the City of Hartford. As of March 31, 1991, Joseph Arzoomanian contributed $50,810.27 to the Plan. The Plan earned total earnings of $26,458.26 and as of that date, an ending balance of $77,208.53. Pursuant to the Plan agreement, there were various designations which could be provided CT Page 8970 for the employees on the forms which were provided by the Plan administrator. The source of the funds was excess income to the employee. The administrator could hold these funds for payment with accrued interest.
At the inception of the Plan participation by Joseph Arzoomanian, he signed a Participant Enrollment Record, entered August 1, 1984, which began the deductions from his weekly payments for interest in the Plan. At the same time, Joseph Arzoomanian signed the first of a Deferred Compensation Joinder Agreement (DCJA) which was dated August 1, 1984. Said DCJA provided that the sum of $17,732.00 be deducted from his salary, and also he listed Richard Arzoomanian, his brother, as the primary beneficiary, and no other beneficiary was named. Therefore Joseph Arzoomanian signed and filed with the City the following DCJAs for the purpose of updating his compensation and the contributions out of that compensation to the fund. The first of these was dated January 3, 1984; the second was dated August 21, 1985; and the third was dated July 31, 1987. All of these named Richard Arzoomanian as beneficiary. Again, on November 18, 1987, he signed a DCJA for the maximum annual contribution available to him of $7,500.00. This DCJA carried with it the signature of Joseph Arzoomanian, and in the place where he could name the beneficiary, there is written "No Change."
"As a general rule, a change of beneficiary of an insurance policy can be effected only by following the procedure proscribed by the policy." Aetna Life Insurance Co. v. Hartford National Bank and Trust Co., 146 Conn. 537, 541. The plaintiff seems to ignore the sentence immediately preceding the language cited above: "Beneficiary form is not binding on the employer until it has been signed, filed with the employer by the participant and accepted by the employer." It seems that the decedent did all that he could at the present time to meet with the requirements and regulations of that particular plan. Accordingly, the first count is found for the defendant.
The second ground offered is that the DCJA in the participation enrollment record predates the deferred compensation plan in force and therefore the beneficiary designation which predate the existing plan are invalid.
The fact remains that the Participation Enrollment Record was signed once for the life of the contract. The DCJAs filed to correct CT Page 8971 necessary payment records to the plan were submitted by the applicant. The fact that they predate the Deferred Compensation Plan in force at the time of the request for payment has no impact on the obligations of the Plan.
The City can retain the right to amend the contract on its own, presumably to take care of any changes in the federal law. "A contract is to be construed according to what may be assumed to have been the understanding and intention of the parties. . . . That intention is to be determined from the language used, according to the situation of the parties and the circumstances of the transaction." Lar-Rob Bus Corp. v. Fairfield, 170 Conn. 397, 406-407.
Amendments made by the City to the Plan do not in any way curtail the power exercised by the participant in designation of a beneficiary. The designation of the beneficiary by the participant is valid.
Nor is there any question of a novation or a substitute contract performance in either of these premises.
"As a general rule, when the new contract is in regard to the same subject matter and has the same scope as the earlier contract, and the terms of the two are inconsistent either in whole or in a substantial part so that they cannot subsist together, the new contract abrogates the earlier one in toto and takes its place even though there is no express agreement that the new contract shall have that affect." Riverside Coal Company v. American Coal Company,107 Conn. 40, 47. It is clear that the amendments to the earlier City of Hartford Deferred Compensation Plan were only amendments and were not treated as other than amendments by the City of Hartford, which is the sole signatory to the Plan. The amendments to the Plan were of a technical nature and had no real impact on the participants who were not notified of either amendment. It had an effect only with respect to the policies issued by the Hartford Variable Annuity Life Insurance Company.
"Novation may be broadly defined as a substitution of a new contract or obligation for an old one which is thereby extinguished." Bushnell Plaza Development Corporation v. Fasano,38 Conn. Sup. 683, 688.
The changes which occurred in the Deferred Compensation Plan were only amendments, which have been reserved by the City of Hartford. They did not create any new contract or any CT Page 8972 novation. The certificate holder retained the right to receive performance by the City as set forth in the preliminary (earlier) document.
The beneficiary designation on file with the City of Hartford are still as valid as when they were originally executed. The court finds the issues for the defendants on this count.
On the fifth count, the plaintiff claims that the beneficiary form does not meet the requirements of a will. She claims that the designation is testamentary in character.
The defendant filed with the court as an exhibit, a copy of the statute referred to, 45a-347, entitled "Beneficiary Designation Exempt From Laws Governing Transfer by Will." Included in the plans which involve appointment of a beneficiary in the event of death, are such names as "savings plan." The defendant offered the testimony of Janet Gorski of the Hartford Life Insurance Company. She defined the savings plan as one with the least formality. She was asked about definitions of the various terms in the statute and was asked whether there was a definite term for the savings plans. She answered there was none. The pension and retirement plans are defined as such in the ERISA. She said that the City of Hartford included the ownership of the assets of the Plan. Savings plans have this characteristic. Generally one sets aside money in which earnings are accumulated for use by a saver. Accordingly, the court is of the opinion that the "savings plan" is one which did not require the beneficiary form thereof to be in conformity to the statute of wills.
"Where it is clear that an amendment was offered to construe and ratify, rather than alter, a preexisting law, it will be treated as retroactive." Aetna Casualty and Surety Co. v. Lighty, 3 Conn. App. 697,703. Accordingly, the designation in the statute, 45a-347, is to be treated as retroactive.
The court notes that a special defense was filed with respect to this count. It had to do with the same argument which was used by the court, to wit, that 45a-347 exempts said plan from the provisions of C.G.S. 45a-251.
The court finds the issues on this matter, as well, for the defendants.
In the sixth count, the plaintiff makes the claim that the beneficiary designation is revoked by the operation of law in that the date of the marriage to the plaintiff is subsequent to the last CT Page 8973 recorded beneficiary designation.
He cites the case of Czepiel v. Czepiel, 146 Conn. 439. The problem is that this statute deals with a case where a marriage between the parties renders nugatory a previous gift made under a will. In fact, there was no marriage involved, nor was there any promise made with respect to a marriage. "Either spouse may, in his lifetime, without the consent or knowledge of the other, make a valid gift or otherwise dispose of his property to a third party." Cherniack v. The Home National Bank Trust Company of Meriden, Executor, et al, 151 Conn. 367, 370. The designation of Richard Arzoomanian as a beneficiary remains valid regardless of Joseph Arzoomanian's subsequent marriage to the plaintiff.
The court finds the issues for the defendants on this count.
In the seventh court, the plaintiff urges that the Hartford Deferred Compensation Plan should comply with the requirements of ERISA in that it will provide to any spousal beneficiary certain benefits. Ms. Gorski testified to the difference between government programs and these governed by ERISA. Government plans as defined by 1002(32) are specifically exempt from ERISA by 103(B)(1). Section 1002(32) defines a government plan as one established by a political subdivision within a state. The court took judicial notice that the City of Hartford is a political subdivision of the State of Connecticut. Therefore the City's Deferred Compensation Plan does not fall within ERISA and the plaintiff had no claim to survivorship benefits on that basis.
The plaintiff has put fourth in her brief that public policy has not been defined by the courts but has been let loose and free from definition in the same manner as by fraud, citing the case of Pendleton v. Greever, 193 P. 885, 887. In short, the plaintiff is seeking to have survivorship benefits for which there is no basis in fact or law. Public policy is a creation of the legislature requiring standard compliance with all laws unless such public policy is immoral or illegal. McGlinchey v. Aetna Casualty and Surety Company, 224 Conn. 133, 134. The court declines to exercise that benefit. 134. The court finds the issues for the defendant on the seventh count.
In summary, the court does find all of the issues for the defendants on the complaint, and judgment may enter accordingly.
Burns, J. CT Page 8974