ROBERT S. LIVINGSTON AND ANOTHER'S APPEAL FROM PROBATE.

Hartford Dist., March T., 1893. ANDREWS, C. J., CARPENTER, TORRANCE and FENN, Js.

Where the issue of fact relating to the validity of a will is tried to a jury, there is but one main issue, and that the statutory one of the legal exe-

cution of the will and the testamentary capacity of the testator, to which all other issues are and must be subordinate.

On an appeal from the probate of a will the burden of proof of the affirmative of this issue is on the appellees.

And where the sole reason of appeal filed by the appellants is that undue influence had been used in procuring the will, the due execution of the will and testamentary capacity of the testator are not thereby admitted, but the same burden of proving them rests upon the appellees.

By assigning undue influence as the sole reason of appeal the contestants of the will limit themselves, in respect to their evidence, to proof of that fact.

An admission of a legatee, against the validity of the entire will, is not admissible where there are other legatees not interested with him or in privity with him, whom the verdict would affect.

A letter which has been the subject of a conversation does not necessarily become admissible as a part of the conversation, where the latter had been admitted in evidence.

The rule under which undue influence is inferred from a confidential relation between the testator and the person procuring the will, has no application where such person took nothing under the will.

Where a lawyer, who had for a long time been the confidential adviser of a testatrix, drew her will, and by it was made executor of the will and a trustee under it, it was held that he was not to be regarded as taking beneficially under the will, but only as accepting duties under it which the testatrix imposed.

[Argued March 7th—decided April 7th, 1893.]

APPEAL from a probate decree approving the will of Julia Gibbons, deceased; taken to the Superior Court in Windham County, and tried to the jury before *J. M. Hall, J.* Verdict sustaining the will, and appeal to this court by the original appellants. The case is fully stated in the opinion.

*M. A. Shumway* and *E. M. Warner*, for the appellants.

1. The first reason of appeal assigned is that the court erred in refusing to allow the appellants to open and close the argument in the Superior Court. The rules of practice provide that "the counsel in support of the affirmative of an issue of fact will be entitled to begin the trial and to open and close the argument." 58 Conn., 577, Rule 4, § 3. The appellants had the affirmative of the only issue of fact to be tried. The reasons of appeal assign only one reason, namely, undue influence upon the testatrix. On this issue the burden is upon the appellants, and they have the affirmative of the

issue. The due execution of the will is admitted by the appellants, if not expressly upon the record, at least impliedly by not alleging that the testatrix did not execute the instrument or that she was of unsound mind. The reasons of appeal and the answer of the appellants closed the only issue before the jury, and upon this issue the appellants had the affirmative. *Patten* v. *Cilley*, 46 Fed. Rep., 892. In no case is it necessary to call all the subscribing witnesses to a will. But for the benefit of contestants the law demands that the proponents of the will have all the subscribing witnesses present if practicable, so that they may be called, if wanted, by the contestants. Their testimony as to the attestation is purely formal, and may be waived, and in this case was waived. The appellants were confined in their evidence to the allegations in their reasons of appeal. The court therefore erred in refusing to allow the appellants to go forward in their proof, and open and close the argument. *St. Leger's Appeal from Probate*, 34 Conn., 434; *Field's Appeal from Probate*, 36 id., 278.

2. The declarations of W. S. Beebe as to his connection with his mother in procuring a promise from the testatrix to leave her property to Beebe, were improperly excluded. They were offered only as affecting Beebe's interest in the will, and as such were proper evidence. The question of undue influence does not necessarily apply to the whole will, and to the extent that Beebe had any distinct interest in the will, or any other persons by his improper procurement, his declarations are proper evidence as affecting interests thus acquired. *Crocker* v. *Chase*, 57 Verm., 421; *Saunders's Appeal from Probate*, 54 Conn., 108.

3. The testimony of Anna Weibezhal as to her conversation with Mrs. Gibbons in 1886, as to the feelings of the testatrix towards Major Beebe, was admitted without objection. A letter which was offered in evidence was the subject of the conversation and referred to treatment by Major Beebe of the witness and of his influence over Mrs. Gibbons and was explanatory of the conversation, and as such became a part of the conversation and was admissible.

4. The court erred in refusing to charge as requested by appellants as to the confidential relations existing between the executor, Mr. Whitney, and the testatrix. Although Mr. Whitney was not made a legatee yet he was given unlimited control and discretion in the management of an estate of $30,000 without bonds, by an instrument drawn by himself, the legal effect of which could not have been known to the testatrix. And these facts constituted suspicious circumstances which made it necessary for the appellees to explain, and the burden was upon them to show that these provisions were made with the full understanding of the testatrix. Schouler on Wills, § 246.

5. The request made by the appellants and refused by the court, that if undue influence was exerted by Beebe as to some of the provisions of the will but not as to others, they might by their verdict set aside such provisions as they should find were made under such influence, is fully sustained by the decisions of our courts. *Harrison's Appeal from Probate*, 48 Conn., 202.

*C. E. Perkins* and *C. E. Searls*, for the appellees.

FENN, J. An instrument purporting to be the last will of one Julia Gibbons having been proved and approved by the court of probate for the district of Thompson, an appeal from the order and decree of said court was taken to the Superior Court, where the case was tried to the jury, who rendered a verdict sustaining the will, which was accepted by the court, and judgment rendered thereon. An appeal was taken from that judgment to this court. The appellants, in the Superior Court, filed a single reason of appeal, to the effect that the instrument was not the last will and testament of said Julia Gibbons, because she was improperly and unduly influenced to make the will by one of the legatees named therein. The appellees denied this allegation, and upon these pleadings the case was tried.

We quote from the record: At the opening of the trial the appellants claimed the right, and made a motion to be

allowed to open and close the evidence and the arguments to the jury, on the ground that the only issue raised by the reasons of appeal was undue influence exercised upon the testatrix, and that the affirmative of this issue was upon the appellants; but the court admitted the testimony of the attesting witnesses, offered by the appellees, as to the due execution of the will and the mental capacity of the testatrix, and permitted the appellees to open and close the argument. The appellants excepted.

Was this ruling erroneous? That the affirmative of the issue of undue influence was upon the appellants there can be no doubt. *Rockwell's Appeal from Probate*, 54 Conn., 119. The trial court so understood, and the only evidence, as the finding states, offered by the appellees in opening, was that of the attesting witnesses, and was confined to the due execution of the will and the mental capacity of the testatrix. Of course the burden of proving such due execution and capacity, unless lawfully dispensed with, rested upon the appellees. But it is claimed that they were dispensed with, being admitted. If this were any ordinary case or issue it must be conceded that the appellants' contention would be correct, and that the appellants would be entitled to open and close. Thus in *Young* v. *Newark Fire Insurance Co.*, 59 Conn., 41, an action upon a fire insurance policy, where the answer admitted the allegations of the complaint, it was held that the defendant was entitled to go forward, though how far a ruling denying such right was a matter of discretion, not open to revision on appeal, was not determined, the case having been decided on other grounds. But this is not an ordinary case, and has never been treated as such in this state, but as a "statutory and special proceeding." Thus in *Comstock* v. *Hadlyme Ecclesiastical Society*, 8 Conn., 254, this court, in holding that on an appeal from a decree of probate establishing a will the burden of proof as to the capacity of the testator rests upon the party claiming under the will, who is therefore entitled to go forward on the trial, though such right was subject to the discretion of the court and error therein not ground for a new trial, said (p. 261:) " The real

question to be tried was whether there was a valid will, and
this question was to be decided in the same manner as if it had
not been decided in the court of probate.   Those who claim
under the will must therefore take upon themselves the
burden of proof, and the rule is that where there is a neces-
sity for any proof on the part of the plaintiff he ought to
begin."   While in *St. Leger's Appeal from Probate*, 34 Conn.,
446, courts of probate are described as " special and limited
courts, without any common law jurisdiction, and created
by statute for the probate of wills and the settlement of es-
tates," the statutes in reference to wills are stated, and it is
then said : " When therefore the executor, in conformity
with his prescribed duty, exhibits the will to the court of
probate which has jurisdiction, it becomes the imperative
duty of that court, of its own motion, to take the custody
of it, and proceed to inquire and determine whether it was
executed according to the formalities prescribed, freely, by
a person of lawful age, and of sound mind and sufficient
capacity, and is a valid will ; and to approve or reject it ac-
cordingly."   Then, coming to the duty of the Superior Court
on appeal, the opinion continues, (p. 447 :)  " An appeal
from the judgment of a court of probate accepting or re-
jecting a will, takes up to the Superior Court for re-trial that
special statutory issue, and nothing more ; and the appellate
court, having no jurisdiction of probate or testamentary mat-
ters, can only re-try that special issue, and affirm or reverse
the judgment of the court of probate as that issue shall
be determined by a jury, and certify such affirmance or re-
versal to that court as a guide for its further action.   Every
fact which shows that the will is not a valid one is material
under that issue, and an element of it, and is involved in its
determination."   And finally, speaking of reasons of appeal,
the court said: " Reasons of appeal, therefore, are not neces-
sary in our practice to make issues, and if they are filed and
issues joined upon them, they are subordinate issues on the
elemental facts of the main or real issue, which the jury
must try and determine. * * * Reasons of appeal are nec-
essary in those states where the main issue is not sent to the

jury, but one or more special issues, real or feigned, are made up on the disputed elemental fact or facts, and are sent by the court to a jury of the same or a different court, to be tried and determined by a special verdict, and the court, on the return of the special verdict, determines the main issue in accordance with it. But in our simple practice, and under our statute, the main or real issue goes directly to the jury, and with it go the subordinate elemental issues or facts on which it turns ; and that main or real issue must be found by the jury by their verdict in some form as the basis for a judgment by the court, or there will be a mis-trial. * * * Unquestionably they " (reasons of appeal) " have served and now serve a useful purpose as a notice to the opposite party of the grounds of objection to the will which will be relied upon at the trial, and by limiting the party filing them to evidence of the objections alleged in them ; and were probably introduced for that reason. But however that may be, as the law now stands, and the whole case goes to the jury, they can have no other practical effect." Since these decisions were rendered, and quite recently, by the rules of practice, 58 Conn., 588, sec. 3, the filing of reasons in case of appeal from orders of courts of probate, allowing or disallowing the probate of a will, by the party opposing such probate, which before that time had become customary, was made mandatory. But it was not the intention of the court, by the adoption of that rule, to change the existing law in reference to the real issue, the main issue, the special statutory issue, which the appeal took up to the Superior Court, and which, in the language which we have quoted, " must be found by the jury by their verdict in some form as a basis for a judgment by the court, or there will be a mis-trial." Nor, since the proceeding is a strict and statutory one, would the court have power, by rule or otherwise, to alter that issue. It seems to us, therefore, that notwithstanding the rule of practice and filing of reasons of appeal, the same duty remains upon the proponent of the will in the Superior Court as the law cast upon him in the court of probate, (a duty which, in that court, no admission or waiver could dispense

with) to produce the will and to prove its execution and the capacity of its author, by the evidence of one or more of the subscribing witnesses, (*Field's Appeal from Probate*, 36 Conn., 277,) and that the appellants, by filing their single reason of appeal, gave notice to the appellees that the only ground of objection to the will upon which the appellants proposed to offer evidence was that of undue influence, and that they thereby limited themselves to the introduction of evidence, either in chief or rebuttal, to support that ground of objection ; but that they did not, and could not, thus change the statutory issue as to the validity of the will, or relieve the appellees from the burden of the production of that formal proof, by attesting witnesses, of due execution and testamentary capacity, requisite in the court of probate, and equally so in the appellate court when acting as a court of probate on the appeal.   Practically then, under the pleadings as they stood, it was the duty of the appellees to introduce testimony by subscribing witnesses to prove such execution and capacity, and the right of the appellants to cross-examine such witnesses, but not to introduce evidence in contradiction ; then to go forward with their own evidence as to undue influence, which the appellees would have a right to meet with contradicting evidence, and finally, after the evidence was closed, it was the duty of the appellees to claim the will valid, and the right of the appellants to deny such validity, on any ground justified by the evidence.   The fact that in this case, as was true also in *Comstock* v. *Hadlyme Eccl. So.* and *St. Leger's Appeal from Probate*, *supra*, the court of probate had sustained the will, which decree was valid until reversed, was not material.   If the appeal had been withdrawn or dismissed in the Superior Court, as the parties might have consented that it should be, the decree would have remained valid; but the verdict of the jury, and the judgment of the court thereon, cannot be based upon consent, but must be supported by evidence.   We do not mean to say that the court might not, upon proper pleadings presenting an issue of law, without evidence have rendered a judgment affirming the decree of the court of probate and dismissing the appeal.   What we do mean to say is merely

what this court has already said in the cases which we have cited, that where the issue of facts, relating to the validity of a will, is tried to a jury, there is but one main issue, and that the statutory one, to which all other issues are and must be subordinate. It is the same issue, whether the will was allowed or disallowed by the court of probate, and whether the judgment sustaining the will be one of affirmance or of reversal of the decree of that court. The court below, therefore, ruled correctly. And this disposes of the first reason of appeal.

There are several other reasons of appeal, but most of them may be very briefly treated. The second of these reasons relates to a declaration by one Major Beebe, a nephew of the testatrix, and a legatee under the will, by whose undue influence the same was claimed to have been procured. The ruling complained of, excluding such evidence, was based upon the opinion of this court in *Dale's Appeal from Probate*, 57 Conn., 127, and appears to have been clearly within the principle of that decision; for in this case, as in that, there were other legatees, not jointly interested with the person whose alleged declaration was sought to be introduced, or in privity with him, whom the verdict would have affected. It is true that the testimony was only claimed as affecting his interest in the will, but we think the court was correct in holding that the instrument was of such a nature as not to permit this, and that, as was said in *Dale's Appeal*, of necessity the use of the admission would be in effect to use it against all other legatees. Such would clearly have been the practical operation, since the contest was against the whole will, and the claimed statement related to the will as a whole.

The third reason of appeal is based upon the exclusion of similar testimony, though more remote, and the rejection of which can also be justified on other grounds. It concerned a declaration, or act, or both, of Beebe, having no reference to the testatrix whatever. The same may be said of the fourth reason, which relates to a matter entirely immaterial and irrelevant.

Coming now to the fifth reason, a witness, having testified

to a conversation with the testatrix, and as to what was said in that conversation, about Major Beebe and his treatment of the testatrix, stated that she found and read to the testatrix a letter to the testatrix written by a third person, in which there was reference to Major Beebe's conduct towards the witness, his treatment of the testatrix, and his influence over her, and to a great many matters all bearing on that point, and that every point in the letter was discussed in the conversation, which conversation was called for and detailed by the witness without objection. The letter was then offered, objected to, claimed as a part of the conversation, and excluded by the court. This ruling we think correct. The letter was not a part of the conversation, although such conversation, as testified to, took place in reference to it. The testimony of the witness is given in the finding, and shows that there was no occasion to introduce the letter as explanatory of what was in fact said. Had there been a necessity for explanation it could have been met and overcome in a far less objectionable way than by introducing to the jury such hearsay evidence as the opinions and statements of an outside party. This disposes of the fifth reason of appeal.

The sixth reason of appeal is as follows : " The court erred in not charging the jury, as claimed and requested by the appellants, that if any portion of the will was obtained by undue influence, notwithstanding the fact that said Beebe himself was not benefited by his own act, but exercised his power and dominion over his aunt, the testatrix, improperly for the benefit of another, that portion of the will so procured must fail." By reference to the record it appears that such a claim was made by counsel for the appellants in their argument, but that they made no formal request, either orally or in writing, that the court would charge accordingly. Nor did they particularly call the attention of the court to the claim. Under these circumstances the action of the court may be vindicated on the ground that the instructions were not properly called for. *Kellogg* v. *City of New Britain*, 62 Conn., 241. But we prefer to place our decision on the further ground that the request, although not in exact terms, as is never essential, was substantially complied with.

We come now to the seventh reason. The will was drawn by the attorney of the testatrix, Edward B. Whitney of New York, who was named therein as executor and trustee, without bond, and the appellants asked the court to charge the jury as follows: "That it having been shown in evidence that Mr. Whitney, one of the executors appointed under the provisions of the will, was a confidential friend of Mrs. Gibbons, the testatrix, and had acted as her attorney in various transactions, the burden of proof was upon the appellees to show that no undue influence was exercised upon the testatrix to procure the will." This the court declined to charge, saying in substance that it was not a case where Mr. Whitney profited by the will at all; that he was not a legatee, and that as executor and trustee he simply fulfilled the duty which the testatrix imposed and had a right to impose upon him, assuming that she had a right to make a will at all and that the will was valid; and that the rule which, because of the existence of a confidential relation, reverses the ordinary presumption of freedom of action, and substitutes the inference of undue influence, applies only when the person sustaining such confidential relation takes beneficially under the instrument. This we think correct and in accordance with the decisions in this state. *St. Leger's Appeal, supra; Dale's Appeal, supra; Richmond's Appeal,* 59 Conn., 226.

The remaining reason of appeal is that the court erred in not charging the jury as requested, "that if undue influence was exerted by W. S. Beebe as to some of the provisions of the will, but as to others no such influence was exerted, they may by their verdict set aside such provisions as they find were made under the domination of such influence." We think the court sufficiently complied with this request, for after reading it, and explaining its meaning and application, it adopted it verbally, adding merely—" if you find there were in the will any such special provisions that were so influenced."

There is no error in the judgment complained of.

In this opinion the other judges concurred.