RAPHAELA D'AGOSTINO ET AL. *v.* JOSEPH V. AMARANTE, EXECUTOR (ESTATE OF ROCCO D'AGOSTINO)

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued February 1—decision released March 8, 1977

*Charles G. Albom,* with whom, on the brief, was *Gerald H. Braffman,* for the appellant (defendant).

*William J. Nulsen,* for the appellees (plaintiffs).

PER CURIAM. The plaintiffs, heirs-at-law of Rocco D'Agostino, deceased, appealed to the Superior Court from the admission of the decedent's will to probate. The plaintiffs claimed that the testator lacked sufficient testamentary capacity to execute the will, and that the will was the product of undue influence exerted upon the testator by the defendant. The jury returned a verdict finding the will to be invalid, and, from the judgment rendered, the defendant has appealed to this court.

At the trial in the Superior Court, three interrogatories were submitted to the jury, the first as to due execution, the second as to testamentary capacity, and the third as to undue influence by the proponent Joseph Amarante. The jury answered no to the first interrogatory, yes to the second interrogatory, and yes to the third interrogatory.

"Due execution and testamentary capacity are statutory issues (General Statutes §§ 45-160, 45-161), and the burden of proof as to each is upon the proponent. This remains so even though the contestant, as was the case here, affirmatively pleads lack of due execution and lack of testamentary capacity." *Wheat* v. *Wheat,* 156 Conn. 575, 578, 244 A.2d 359; *Berkeley* v. *Berkeley,* 152 Conn. 398, 401, 207 A.2d 579. In any appeal from probate, the Superior Court is exercising a limited statutory jurisdiction and has no greater powers than those of the Probate Court. *Heiser* v. *Morgan Guaranty Trust Co.,* 150 Conn. 563, 565, 192 A.2d 44; *Palmer* v. *Reeves,* 120 Conn. 405, 409, 182 A. 138. "Since there is a trial de novo on the appeal to the Superior Court, the proponent of a will has the burden of proof on the statutory issues of due execution and

testamentary capacity exactly as he had in the Probate Court. *Boschen* v. *Second National Bank*, 130 Conn. 501, 504, 35 A.2d 849; *Livingston's Appeal*, 63 Conn. 68, 74, 26 A. 470. This is so whether in the appeal from probate the proponent is the appellee or the appellant. *Livingston's Appeal*, supra, 75." *Berkeley* v. *Berkeley*, supra, 401.

Section 45-161 required that a will, to be duly executed, should be (1) in writing, (2) subscribed by the testator, and (3) attested by three witnesses, each of them subscribing in the testator's presence.[1] The jury, by its response to the first interrogatory, found a lack of due execution. No exception to the court's charge pertaining to execution was taken. The verdict, therefore, must stand.

There is no error.

---

[1] On the date the present will was executed (September 20, 1970), the statute required three witnesses to the execution of a will. The statute, § 45-161, was amended, however, by Public Acts 1971, No. 71-240, and now reads that only two witnesses are required.