STEPHANIE PASTIR ET AL. *v.* FRANK BIELSKI,
ADMINISTRATOR, ESTATE OF HELEN BIELSKI

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, JS.

Argued December 9, 1977—decision released January 17, 1978

*Edward R. Carley,* for the appellant (defendant).

*Vincent P. Adley,* for the appellees (plaintiffs).

PER CURIAM. The plaintiffs, heirs-at-law of Helen Bielski, deceased, appealed to the Superior Court from the admission of the decedent's will to probate. They claimed that the testatrix "lacked sufficient testamentary capacity to make and execute a [w]ill" and that the will was the product of undue influence exerted upon the testatrix by the defendant, Frank Bielski. The trial court found the will to be invalid and, from the judgment rendered, the defendant, proponent of the will, appealed to this court.

In its finding, the trial court concluded that "[t]he testatrix did not possess the requisite testamentary capacity to execute . . . [the] will" and that "[t]he proponent of the will failed to sustain his burden of proof." In his assignments of error, the defendant attacked the court's finding but failed to brief those assignments of error. Assignments of error not briefed are considered abandoned. *Pappas* v. *Pappas,* 164 Conn. 242, 243, 320 A.2d 809.

" 'Due execution and testamentary capacity are statutory issues (General Statutes §§ 45-160, 45-161),[1] and the burden of proof as to each is upon the proponent. This remains so even though the contestant, as was the case here, affirmatively pleads lack of due execution and lack of testamentary capacity.' *Wheat* v. *Wheat*, 156 Conn. 575, 578, 244 A.2d 359; *Berkeley* v. *Berkeley*, 152 Conn. 398, 401, 207 A.2d 579. In any appeal from probate, the Superior Court is exercising a limited statutory jurisdiction and has no greater powers than those of the Probate Court. *Heiser* v. *Morgan Guaranty Trust Co.*, 150 Conn. 563, 565, 192 A.2d 44; *Palmer* v. *Reeves*, 120 Conn. 405, 409, 182 A. 138. 'Since there is a trial de novo on the appeal to the Superior Court, the proponent of a will has the burden of proof on the statutory issues of due execution and testamentary capacity exactly as he had in the Probate Court. *Boschen* v. *Second National Bank*, 130 Conn. 501, 504, 35 A.2d 849; *Livingston's Appeal*, 63 Conn. 68, 74, 26 A. 470. This is so whether in the appeal from probate the proponent is the appellee or the appellant. *Livingston's Appeal*, supra, 75.' *Berkeley* v. *Berkeley*, supra, 401." *D'Agostino* v. *Amarante*, 172 Conn. 529, 530–31, 375 A.2d 1013.

The record clearly reveals that the defendant, proponent of the will, failed to sustain his burden of proof as to the statutory issues of execution and

---

[1] "[General Statutes] Sec. 45-160. WHO MAY MAKE A WILL . . . . Any person of the age of eighteen years, and of sound mind, may dispose of his estate by will . . . ."

"[General Statutes] Sec. 45-161. MAKING AND EXECUTION OF WILLS. No will or codicil shall be valid to pass any estate unless it is in writing, subscribed by the testator and attested by two witnesses, each of them subscribing in his presence . . . ."

testamentary capacity. Since the resolution of those issues is dispositive of the appeal, we need not consider the issue of undue influence.

There is no error.