SANDRA MARTIN *v.* BOARD OF EDUCATION OF THE CITY OF NEW BRITAIN
(2108)

TESTO, DUPONT and BORDEN, Js.

Argued March 7—decision released May 22, 1984

*Jason E. Pearl,* with whom, on the brief, was *Alan L. Robertson, Jr.,* for the appellant (plaintiff).

*William H. Narwold,* for the appellee (defendant).

BORDEN, J. In this action the plaintiff, a teacher in the New Britain school system, sought a judgment requiring the defendant to alter its method of computing her seniority. She appeals[1] from the judgment of the trial court for the defendant on the complaint.[2]

The case was presented to the court on the following stipulation of facts. The plaintiff was a full-time music teacher employed by the defendant in an elementary school from September, 1964, to January 28, 1972. The defendant's policy at that time was not to permit pregnant female teachers to remain in the classroom beyond their fifth month of pregnancy. On January 19, 1972, the defendant granted the plaintiff a maternity leave through the 1972–73 school year. Prior to January 26, 1972, the defendant's director of music told the plaintiff that no vacancy for a music teacher existed at the elementary level and that if she desired to return to work in September, 1973, a staff member would have to be terminated. The director referred to that staff member as an "interim replacement"; the plaintiff was not given that information until September, 1981, at a hearing held by the defendant.[3] The stipulation states that the plaintiff now claims that had that teacher been labeled an "interim replacement" she would have wanted to pursue her position further; that the director stated at a September, 1981 hearing that in February, 1973, he offered the plaintiff an opening in music

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

[2] The defendant filed a counterclaim for a declaratory judgment which the court declined to render because of jurisdictional defects. No appeal was taken from that part of the judgment and it is not in issue in this appeal.

[3] This apparent contradiction is unexplained in the record.

at a junior high school; and that the plaintiff recalls speaking with the director but denies any such offer.[4]

On January 26, 1973, the plaintiff requested an extension of her leave of absence, advising the defendant that the director had told her that there were no openings expected, and also requested that she be considered for openings in the elementary music department in the near future. The defendant denied her request for an extension of her leave of absence and requested that she execute a form which contained two alternative indications of her posture: a statement that she intended to return to a position for the 1973–74 school year; and a statement that ''I do not plan to return to a position in the New Britain School System for the school year 1973–74 and therefore wish to tender my resignation. I will mail by February 1, 1973 a formal resignation to confirm the above.'' On February 4, 1973, the plaintiff returned the form with the resignation response checked, together with a letter stating that she was sorry to submit her resignation and that she desired to return to a position in the music department in September, 1973, but was told that nothing would be available. On February 19, 1973, the defendant accepted the plaintiff's resignation.

In September, 1974, the defendant rehired the plaintiff for that school year. She remained in that position until 1981. At that time budget cuts threatened termination of her employment. Teacher employment terminations are decided on the basis of seniority. The defendant computed the plaintiff's seniority from her most recent date of hire, September, 1974, rather than from her original date of hire, September, 1964, because of its interpretation of the city charter. In response to the plaintiff's request, the defendant, in September, 1981, held a hearing on the status of her

---

[4] It is significant that the stipulation here does not state facts but rather recites claims and testimony.

seniority. Following that hearing, the defendant continued to compute the plaintiff's seniority from September, 1974.[5]

The gist of the plaintiff's complaint, which is less than a model of clarity, appears to be as follows: The plaintiff's resignation was based on the defendant's inaccurate and misleading statements of her contractual and statutory rights; her request to return was wrongfully denied; and the defendant's computation of her seniority rights is contrary to law and an abuse of power by the defendant. At the trial the plaintiff refined these claims into a claim, inter alia, that her resignation was involuntary. In this court she claims, inter alia, that her resignation was involuntary as a matter of law.

The trial court found that the plaintiff's resignation was voluntary, and concluded that the defendant's interpretation of the city charter provision governing the calculation of the plaintiff's seniority rights was correct. We find no error.

As the plaintiff states in her brief, the fundamental issue on appeal involves the propriety of the court's finding that her resignation was voluntary. Under the complaint, she had the burden of proving that it was involuntary. She chose to present her case by way of a stipulation of facts. The court found that the resignation was voluntary. Under the stipulation this critical factual finding was not clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980); *Zolan, Bernstein, Dworken & Klein* v. *Milone,* 1 Conn. App. 43, 47, 467 A.2d 938 (1983). We cannot conclude that it was involuntary as a matter of law.

---

[5] Although the September, 1981 threat of termination was subsequently withdrawn and the plaintiff continued in her employment, we were informed at oral argument on this appeal that subsequent budget cuts have resulted in her termination. Thus the case is not, as the defendant claims, moot.

The trial court's conclusion that the defendant correctly interpreted the city charter must stand because the plaintiff has abandoned this issue on appeal. Although it was included in her preliminary statement of issues under Practice Book § 3012, and although it was included in her brief as one of the issues presented, the body of her brief is devoid of any discussion of or reference to this issue. "Under these circumstances we consider the issue . . . abandoned. *Pastir* v. *Bielski,* 174 Conn. 193, 384 A.2d 367 (1978)." *Plawecki* v. *Angelo Tomasso, Inc.,* 1 Conn. App. 48, 53 n.6, 467 A.2d 944 (1983).

The plaintiff's remaining claims on appeal are that she was the victim of gender-based discrimination in violation of both state and federal statutes. These claims are premised, however, on her claim of involuntary resignation, which she did not prove. Thus we need not consider them.

There is no error.

In this opinion the other judges concurred.