[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTIONS TO PRECLUDE (#118 — #112)
Carl M. Dunham, Jr., the proponent of the last will and testament of Jessica Scott Dunham has moved in each of the above cases to preclude his sister Joan Dunham Rogerson from participating in either appeal and/or to dismiss her from each case. These appeals arise out of the decision of the CT Page 7219 New Milford Probate Court which on January 8, 1991 filed a "decree"[1] as follows:
 The Court sets aside the exercise of the power of appointment (Clause SECOND) in Jessica Scott Dunham's August 27, 1978 will. The Court sets aside the clause forgiving the debt of Carl Dunham, Jr. to Jessica Scott Dunham, (Clause THIRD). The Court sets aside the clause appointing Carl Dunham as executor of the will, (Clause FIFTH). The Court admits all the remaining parts of the will to Probate. Finally, in the best interest of the estate, the Court appoints John D. LaBelle of Manchester as administrator of the estate of Jessica Scott Dunham and instructs him to compel an accounting by Carl M. Dunham, Jr. of his doings in this estate, to redistribute the assets of the estate pursuant to the decree, and to file appropriate inventories and accounts as required by law. The Court sets a bond of $5,000.
The will, Appendix A in question contains five articles, first, the payment of expenses, second, the power of appointment, third, forgiveness of a debt, fourth, residuary claims and fifth, the appointment of an executor. The effect of the court's decree is to leave in place only articles First and Fourth. By Article Fourth, the residuary is left in equal shares to Carl, Roger and Joan, The probate court concluded "that Jessica Scott Dunham was unduly influenced to create a will contrary to her intentions."
If there was undue influence that finding in the usual situation would invalidate the entire will. Lancaster v. Bank of New York,147 Conn. 566; D'Agostino v, Amarante, 172 Conn. 529. 79 Am.Jur.2d, Wills 379. While there are situations where only partial invalidity will be found, Pepin v. Ryan, 133 Conn. 12, such is not the case where that will defeat the general scheme of distribution.
The motions to preclude are based upon a general waiver filed by Joan Dunham Rogerson in the New Milford Probate Court on October 31, 1978. That waiver states "that [she] has examined said application and related documents and hereby waives notice of hearing upon said application and has no objection to the granting and approval thereof." In Dunham v. Dunham,204 Conn. 303, the supreme court affirmed the action of the trial court in accepting a verdict on the first count of the plaintiffs' complaint, "an equitable action to set aside the probate decree", supra 308, admitting the will to probate. That court further held that "even if we were to conclude, hypothetically, that the trial court might have erred in its rulings relating to the subsidiary issue of undue influence, there would be no point in ordering a new superior court trial on that issue alone. The proper place to address the merits of the issue of undue influence is in the Probate Court," supra, 329. To hold that Joan Dunham Rogerson, an heir-at-law, may not participate in a proceeding to determine the issue of undue influence by reason of a waiver defies reason. The logical extension of that position would be to hold the will valid as to CT Page 7220 her and invalid as to Roger assuming undue influence were established. Such a result could not be administered or justified in law.
The probate court having found undue influence, the will is at this time invalid pending the results of a trial de novo in the Superior Court. Baskins' Appeal From Probate, 194 Conn. 635, 64; Prince v. Sheffield, 158 Conn. 286. Under these circumstances, the findings of Judge Fitzgerald are irrelevant with the exception of undue influence. In Docket #055308, an amended reason of appeal should be filed. See Practice Book Form 1005.3, In a trial on the appeal of Carl M. Dunham, Jr. his sister is not only a proper, but necessary party.
PICKETT, J.
EXHIBIT B
KNOW ALL MEN BY THESE PRESENTS:
THAT I, JESSICA SCOTT DUNHAM, of the Town of New Milford, County of Litchfield and State of Connecticut, being of sound and disposing mind and memory, do hereby make, publish and declare this instrument as and for my Last Will and Testament, in manner and form following, hereby revoking any and all former Wills or Codicils to Wills by me at any time hertofore made: —
FIRST: I direct the payment of my funeral charges and all my enforceable debts, except any debts secured by mortgage of real property, by my Executor hereinafter named as soon after my decease as may be practicable. I further direct that all taxes, by whatever name called, becoming due by reason of my death, including any interest and penalties thereon, shall be paid from my residuary estate without apportionment, even though the property which may be the subject of such taxes shall not pass under the terms of this Will.
SECOND: Under the provisions of paragraph THIRD B 1. and related provisions of the Will of my late husband, CARL M. DURHAM, which Will was dated December 8, 1960 and admitted to probate in the Probate Court of New Milford, County of Litchfield and State of Connecticut, I was given a power to direct the disposition of certain property. I hereby exercise the said power of appointment and give, devise and bequeath all property subject thereto, both real and personal whatsoever the same may consist or wheresoever the same may be located, to my CT Page 7221 son, CARL M. DUNHAM, JR., to him and his heirs, absolutely and forever, in fee simple, free of trust.
THIRD: If my son, CARL M. DUNHAM, JR. or his estate or the beneficiaries thereof shall be indebted to me in any amount at my death, whether such debt shall be evidenced by note, mortgage or otherwise, I direct and require that all of such indebtedness and all interest thereon be forgiven and cancelled in its entirety, it being my intention by this bequest to relieve the said CARL M. DUNHAM, JR. and his estate and the beneficiaries thereof of any and every obligation to repay said indebtedness or any part thereof or any interest thereon.
FOURTH: All the rest, residue and remainder of my estate, both real and personal, of whatsoever the same may consist or wheresoever the same may be located, of which I may die seized or possessed, or to which I may be entitled at the time of my decease, I give, devise and bequeath to my daughter, JOAN DURHAM ROGERSON, my son, CARL M. DUNHAM, JR., and my son, ROGER S. DUNHAM, equally, share and share alike, to them and their heirs, per stirpes and not per capita, absolutely and forever.
I grant my fiduciary all the powers contained in Section 45-100(c) of the Connecticut General Statutes as they exist as of the date hereof, which Section is hereby incorporated by reference.
IN WITNESS WHEREOF, I have hereunto set my hand and seal this 27th day of August, A.D., 1978.
JESSICA SCOTT DUNHAM, L.S.
The foregoing instrument was subscribed, sealed, published and declared by JESSICA SCOTT DUNHAM, the Testatrix above named, as and for her Last Will and Testament, in our presence and in the presence of each of us, and we, at the same time, at her request and in her presence and in the presence of each other, hereunto subscribed our names and residences as attesting witnesses this 27th day of August, A.D., 1978.
[EDITORS' NOTE: THE SIGNATURE IS ELECTRONICALLY NON-TRANSFERRABLE.]
STATE OF CONNECTICUT: ss. New Milford August 27, 1978 COUNTY OF LITCHFIELD:
We, the subscribers, witnesses to the foregoing Last Will CT Page 7222 and Testament of JESSICA SCOTT DUNHAM, being duly sworn, do hereby make affidavit and say: That we severally attested the within and foregoing Will of the within named Testatrix and subscribed the same in her presence and at her request and in the presence of each other; that the said Testatrix signed, published and declared the said instrument as and for her Las Will and Testament in our presence on the 27th day of August, A.D., 1978; and at the time of execution of said Will, said Testatrix was more than eighteen years of age and of sound mind, memory and judgment and under no improper influence or restraint to the best of our knowledge and belief, and we make affidavit at the request of said Testatrix.
[EDITORS' NOTE: THE SIGNATURES IS ELECTRONICALLY NON-TRANSFERRABLE.]
STATE OF CONNECTICUT: ss. New Milford August 27, 1978 COUNTY OF LITCHFIELD:
Personally appeared David Cook and CONSTANCE J. BURKS, the above named affiants, who subscribed and made oath to the truth of the foregoing affidavit, before me.
[EDITORS' NOTE: THE SIGNATURE IS ELECTRONICALLY NON-TRANSFERRABLE.] Commissioner of the Superior Court