[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #109
This action is an appeal from a decision of the Probate Court of the Town of North Branford, denying the plaintiff's application to enter into a fee agreement on behalf of Pasquale Salerno, of whom she is the conservator. The proposed fee agreement relates to attorney's fees and would exceed those permitted by C.G.S. 52-251c.
The plaintiff took the position in the Probate Court that52-251c was unconstitutional and thus should not bar approval of the proposed fee agreement. The Probate Court denied the application on the basis it was bound by the provisions of 52-251c and that the Probate Court was one of limited jurisdiction which jurisdiction does not include passing upon the constitutionality of statutes which have been duly enacted by the Legislature.
On March 13, 1992 the plaintiff filed a motion for summary judgment asking that the appeal be sustained on the ground that52-251c violated the Connecticut Constitution and thus should not bar approval of the fee agreement. That motion was denied by the Superior Court (Gordon, J.) and in connection therewith it was ordered that the State of Connecticut be made a party since the relief requested involved the constitutionality or a regulatory statute. Subsequent thereto, the State was added as a party defendant.
The State has now moved to dismiss the complaint on the basis that the issues are moot and secondly, that the state has been CT Page 11255 improperly joined as a party. As to the issue of mootness the State argues that the issues are moot since the fee agreement at issue has been approved by the United States District Court, (Nevas, J.) in which the underlying case is pending. On this issue, however, this court agrees with the plaintiff for the reasons set forth in her brief in opposition to the State's Motion to Dismiss.
However, it is this court's opinion that the motion to dismiss should be granted as to the State of Connecticut only. In this court's view the Probate Court correctly determined that it had no jurisdiction to pass upon the constitutionality of the statute in question. That being the case, the Superior Court, in an appeal from Probate, likewise does not have the jurisdiction to do so. "In any appeal from probate, the Superior Court is exercising a limited statutory jurisdiction, and has no greater powers than those of the probate court." Paster v. Bielski,174 Conn. 193, 194 (1978). See also, Gardner v. Balloni [Balboni],218 Conn. 220 (1991); Marshall v. Kleinman, 186 Conn. 67, 69 (1982).
Therefore, since the constitutionality of 52-251c is not to be dealt with in the context of an appeal from probate, the State of Connecticut is not a necessary party.
Therefore, the State's Motion to Dismiss is granted as to the State of Connecticut only.
Bruce W. Thompson, Judge CT Page 11256