[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Henry J. Tuzzio, is an heir at law of the decedent, Nicholas J. Tuzzio, by virtue of his relationship as a brother and the sole heir by virtue of Article III of the Last Will and Testament of said decedent, dated August 3, 1984.
The Will of Nicholas J. Tuzzio was submitted to the Bridgeport Probate Court on or about July 19, 1989.
On November 2, 1989, the Probate Court, District of Bridgeport, after a hearing, rendered a decision denying the admittance of the purported Last Will and Testament. The decision stated that "sufficient doubt had been raised as to the abilities CT Page 12383 and intentions of the Testator on August 3, 1984." The plaintiff thereafter took an appeal of said decision and said appeal was authorized by the Decree Allowing Appeal From Probate, dated November 22, 1989.
After a lengthy trial de novo, the court concludes that the purported Last Will and Testament of Nicholas J. Tuzzio should not be admitted to the Probate Court.
Due execution and testamentary capacity are statutory issues (General Statutes §§ 45a-250, 45a-251) (formally General Statutes §§ 45-160, 45a-161) and the burden of proof as to each is upon the proponent. Pastor v. Bielski, 174 Conn. 193.
Since there is a trial de novo on the appeal to the Superior Court, the proponent of a will has the burden of proof on the statutory issues of due execution and testamentary capacity exactly as he had in the Probate Court. D'Agostino v. Amarante, 172 Conn. 529.
On appeal from the Probate Court, the issue is whether there was a valid will. Boschen v. Second National Bank of New Haven,130 Conn. 501.
Was it a valid will? That issue involved three questions: (1) Was the paper executed with the requisite legal formalities? (2) Did the testatrix have testamentary capacity? and (3) Did she execute it freely, without undue influence, fraud or mistake.Rockwell's Appeal from Probate, (1986), 54 Conn. 119.
Nicholas J. Tuzzio was born on June 23, 1904 and died July 1, 1989 at the age of 85 years.
John Russo, a sixty-six year old nephew of the decedent, testified that Nicholas Tuzzio was from birth a deaf mute. He further testified that Nicholas left school after the third grade and never had the benefit of a sign language education. There was conflicting evidence as to Nicholas' ability to read lips. There was credible evidence that Nicholas had, over the years, developed a pretense that he understood sign language when he actually did not, but was embarrassed to let others know of his lack of understanding.
N. Edwin Antignani, a semi-retired Bridgeport Attorney, was appointed co-conservator along with Rev. Donald Bassford, of the state of Nicholas J. Tuzzio. Attorney Antignani was a very CT Page 12384 credible witness. He testified that he could not communicate with Nicholas and he further testified that Nicholas could neither read nor write. He did not understand sign language and testified that he had serious reservations as to whether Nicholas understood what was communicated to him.
The other co-conservator of Nicholas J. Tuzzio, was Rev. W. Donald Bassford. His role in this matter is somewhat obscure. In 1982, while Assistant Pastor at St. Anthony's Church in Bridgeport, he received an unsolicited call from Henry Tuzzio who later introduced him to Nicholas.
Thereafter, Nicholas participated with Rev. Bassford in a Mass. conducted in sign language. Rev. Bassford, who took a sign language course in the late seventies, confirmed that older people never had the opportunity to learn formal sign language. He did, however, testify that, in his opinion, Nicholas could "communicate."
Rev. Bassford testified that Henry Tuzzio initially discussed the need for Nicholas Tuzzio to have a will, shortly after Rev. Bassford's appointment as a co-conservator.
There is conflicting testimony as to who scheduled an appointment with Attorney Daniel Portanova for the purpose of preparing a will for Nicholas Tuzzio, who was not a client of Attorney Portanova. Rev. Bassford testified that Attorney Antignani made the appointment. Attorney Daniel D. Portanova testified that Henry Tuzzio, who was neither a client nor an acquaintance, set up the meeting. He also testified that Henry wanted the will signed on the day of the appointment, August 3, 1984. Attorney Portanova also testified that it was not his practice to complete a will file in one day, with two exceptions: a gravely ill or hospitalized client.
Prior to the meeting with Attorney Portanova, Henry Tuzzio gave Rev. Bassford a piece of paper with the names of family members, which Rev. Bassford took to the meeting with Attorney Portanova. The evidence indicates that Henry Tuzzio drove Nicholas and Rev. Bassford to Attorney Portanova's office and he went into the office to meet Attorney Portanova and then left. After the August 3, 1994 morning meeting with Attorney Portanova, Nicholas Tuzzio, Rev. Bassford and Henry Tuzzio went to lunch.
In the early afternoon of August 3, 1984, Henry drove Rev. CT Page 12385 Bassford and Nicholas back to Attorney Portanova's office for the will signing. Henry remained outside.
In the morning on August 3, 1984, Rev. Bassford conveyed Nicholas' intentions to Attorney Portanova. In the afternoon session, Attorney Portanova read aloud every paragraph of the will and Rev. Bassford translated the terms of the will to Nicholas. Rev. Bassford testified that in translating the terms of the will, he did use some sign language but also used "body language and acting out." He also testified, in his opinion, that Nicholas had the partial ability to read lips.
The two witnesses to the will testified at trial. One testified that the self-proving affidavit was read and that she saw Nicholas and the other witness sign the document. The other witness had no recollection of the event.
The affidavit of the two witnesses attached, to the will, is in the usual form, and states that the testator published and declared the will to be his Last Will and Testament and each witness signed her name at his request. It further states that the affidavit is made and signed at the request of testator.
The affidavit of Father W. Don Bassford, states that he interpreted for Nicholas J. Tuzzio via sign language, and that he explained to him the contents of his will, and he indicated to me, not only through sign language, but also by expression and writing how he wanted his estate to pass. Rev. Bassford's affidavit goes on to say that Rev. Bassford was in attendance at all times with Nicholas J. Tuzzio when Attorney Portanova was interviewing him and talking with him at the execution of said will.
Neither of the two witnesses, nor Attorney Portanova understood sign language, nor did they posses any training or skills that would permit them to interpret sign language, body language and acting out. The three individuals at the will signing totally relied on the word of Rev. Bassford, who, by his own testimony had only met Nicholas four or five times prior to August 3, 1984.
The defendants made reference at trial to a letter allegedly written and signed by Nicholas Tuzzio. The court finds that no credible evidence was introduced which would permit the court to conclude that Nicholas was the author and signer of the letter. CT Page 12386
A summary of the credible evidence clearly indicates that Nicholas could neither hear, speak nor write. There was testimony from a neighbor that he sometimes carried a pad and pencil and wrote words but not sentences. The evidence further leads the court to conclude that Nicholas had not been trained in sign language and, as a result of this lack of training, he was in no way proficient in the use of sign language.
After a review of all the evidence and exhibits raised during the trial, the court finds that Nichoas [Nicholas] J. Tuzzio did not know that he was signing his Last Will And Testament.
Further, the court finds that Henry Tuzzio exercised undue influence over his brother Nicholas J. Tuzzio.
A grantor who has been unduly influenced does not have the requisite intent. Fritz v. Mazurek, 156 Conn. 555. Undue influence is the exercise of sufficient control over the person, the validity of whose act is brought in question, to destroy his free agency and constrain him to do what he would not have done if such control had not been exercised. Reynolds v. Molitor,184 Conn. 526.
The plaintiff, Henry Tuzzio, did not testify or even appear at the trial. The evidence, however, led the court to conclude that he is covetous.
Mary Tuzzio executed a will three weeks before she died leaving her entire estate to her brother, Henry Tuzzio. Mary's estate was subsequently settled and $9,000.00, representing Nicholas' share of the estate, was sent to Attorney Antignani. The check was given to Henry by Attorney Antignani and although payable to Nicholas Tuzzio, was endorsed by Nicholas Tuzzio and Henry Tuzzio. The proceeds were never accounted for.
Henry Tuzzio took Nicholas Tuzzio to the Carpenters' Union Hall and had Thomas Tuzzio, Sr. removed as a beneficiary of union benefits and himself substituted.
Henry Tuzzio attended every meeting between Nicholas Tuzzio and Attorney Antignani.
Henry Tuzzio arranged for Attorney Portanova, a stranger, to prepare Nicholas' will and insisted that it be prepared and signed on the same day. Henry provided Rev. Bassford with a list of CT Page 12387 family members just prior to the meeting with Attorney Portanova.
This court is satisfied that sufficient doubt has been raised as to the abilities and intentions of the Testator, Nicholas Tuzzio on August 3, 1984.
The court denies the admittance of the purported Last Will And Testament of Nicholas J. Tuzzio, dated August 3, 184 [1984].
RICHARD J. TOBIN, JUDGE