[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from an order of the Probate Court for the District of Andover. The Plaintiffs are Samuel M. Kochuk and Richard P. Kochuk, the grandsons of Nellie Naumec who died on June 26, 1976. They are the surviving children of Ann Kustosik, Nellie Naumec's daughter, who died on January 31, 1992. The Plaintiffs claim to be aggrieved by such order in that it provided that certain property be sold and the proceeds distributed to the fiduciaries of the estates of Ann Kustosik and Koscyk Naumec rather than to their respective heirs.
Priscilla Veliz, executrix of the estate of Ann Kustosik, was allowed to intervene as a party. The named Defendants, the co-administrators of the estate of Nellie Naumec, were defaulted for their failure to appear.
 Findings of Fact
The following facts, alleged in the Reasons of Appeal, are undisputed. Nellie Naumec died on June 26, 1976. The Plaintiffs are heirs at law of Nellie Naumec as her grandsons and the surviving children of her daughter, Ann Kustosik. Pursuant to the Second Paragraph of Naumec's Last Will and Testament dated November 28, 1974, she devised her home and real estate located on Route 6 in the town of Columbia, Connecticut, to her son, Nicholas Naumec, to be used by him for his life or as long as he shall occupy said premises, whichever event occurs first, provided that all obligations of the property are to be paid from the rents derived therefrom. The Second Paragraph of the will further provides that in the event her son, Nicholas Naumec, shall die or shall vacate said premises voluntarily, or involuntarily, or if the charges relating to said premises shall be in excess of the rental over a period of one year, then the executors are to sell the premises and the net proceeds realized from said sale are to be given to her executors in trust for the use and benefit of her son, Nicholas Naumec. The Second Paragraph also provides that the trust shall terminate upon the death of her son and the proceeds shall be paid over to her daughter, Ann Kustosik, and her son, Koscyk CT Page 1816 Naumec. Nicholas Naumec died on May 14, 1997, having been predeceased by Ann Kustosik, who died on January 31, 1992 and Koscyk Naumec, who died May 17, 1995. On July 14, 1995, Mary Ann Niver, Naumec's great granddaughter, was appointed by the Andover Probate Court as successor co-administrator c.t.a.d.b.n. of Naumec's estate. The Third Paragraph of the will provides that all the rest and residue of her estate is to be distributed to her children, Ann Kustosik and Koscyk Naumec, equally.
 Discussion
The sole issue in this appeal is whether the proceeds of the sale of the property should be distributed directly to the Plaintiffs, the heirs of Ann Kustosik, or to her estate. The Plaintiffs claim that Ann Kustosik had a remainder interest in the fee simple of the property which was destroyed upon her death, and that the property then reverted back to her mother's estate upon her brother's, Nicholas Naumec, death on May 17, 1995. Once the property reverted back to the estate it became vested in the estate and must be distributed pursuant to the residuary clause equally to Ann Kustosik and Kosyck Naumec. Since the will does not provide for the event that Ann Kustosik and Kosyck Naumec have died prior to Nicholas Naumec the plaintiffs argue that the provisions of Connecticut's anti-lapse statute, General Statutes § 45a-441, apply. That statute states: "When a devisee or legatee, being a child, stepchild, grandchild, brother or sister of the testator, dies before him, and no provision has been made in the will for such contingency, the issue of such devisee or legatee shall take the estate so devised or bequeathed." Therefore the Plaintiffs argue that they are entitled to have distributed directly to them their mother's share of the proceeds of the sale of the property.
The Defendant argues that the will granted Nicholas Naumec a life estate subject to conditions subsequent. She also argues that in the will the testatrix expressly reserved a right to reentry with the power to terminate his life estate upon the happening of certain conditions and to take possession of the property and sell it. In addition, upon his death, the executors were to take possession of the property and sell it. Therefore the court must find that the proceeds of the sale of the property became part of the residue of the estate and should be distributed accordingly. The Defendant also argues that there is no requirement in the will that Ann Kustosik and Kosyck Naumec survive in order to take pursuant to that provision but that if they die any distribution to them passes to their respective estates to be distributed in accordance with their wishes.
"An appeal from probate is not so much an `appeal' as a trial de novo CT Page 1817 with the Superior Court sitting as a Probate Court and restricted by a Probate Court's jurisdictional limitations. Kerin v. Stangle,209 Conn. 260, 264, 550 A.2d 1069 (1988); Baskin's Appeal from Probate,194 Conn. 635, 641, 484 A.2d 934 (1984); Prince v. Sheffield,158 Conn. 286, 298, 259 A.2d 621 (1969); see D'Agostino v. Amarante,172 Conn. 529, 530, 375 A.2d 1013 (1972)." Gardner v. Balboni,218 Conn. 220, 225 (1991). "Thereafter, upon `consideration of all evidence presented on the appeal which would have been admissible in the probate court, the superior court should exercise the same power of judgment which the probate court possessed and decide the appeal as an original proposition unfettered by, and ignoring, the result reached in the probate court.' Prince v. Sheffield, 158 Conn. 286, 298, 259 A.2d 621
(1969)." Kerin v. Stangle, 209 Conn. 260, 264 (1988).
All parties agree that the proceeds of the sale of the property are to be distributed pursuant to the terms of Paragraph Three of the will regarding distribution of the residuary estate. Therefore the court need not reach the issues regarding whether Ann Kustosik and Koscyk Naumec had a remainder interest in a fee simple subject to divestment in the property, as the Plaintiffs argue, or whether Nicholas Naumec had simply a life estate subject to conditions subsequent, upon the occurrence of which the executors of the estate were to take possession of the property and sell it. Although this issue apparently relates to the Plaintiffs' claim that the anti-lapse statute applies because their mother's interest in the property had not vested prior to her death and no provisions for such a contingency had been made in the will, their argument is without merit and misconstrues the language of the statute.
Paragraph Three of the will states that: "All the rest and residue of my estate, real, personal and mixed, wheresoever located and howsoever held, I give, devise and bequeath to my beloved children, Ann Kustosik and Koscyk Naumec, share and share alike, to be theirs absolutely." Where the terms of a will are clear and unambiguous, the court must construe it as written. Mangines v. Ermisch, 45 Conn. Sup. 197, 202 (1997) (CitingBank of Boston Connecticut v. Brewster, 42 Conn. Sup. 474, 483 (1992)). There is nothing in the language of this provision that indicates that the testator intended that this devise lapse upon the death of either Ann Kustosik or Koscyk Naumec. This devise became vested in them at the time of Nellie Naumec's death and there is no indication in the will to the contrary. "It is well settled that a person's right of inheritance vests at the moment of the decedent's death; Emanuelson v. Sullivan,147 Conn. 406, 409, 161 A.2d 788 (1960); and that `although distribution occurs a considerable time thereafter, it relates back to the date of the death as the time when the right of the beneficiary became fixed.'Blodgett v. Bridgeport City Trust Co., 115 Conn. 127, 144, 161 A. 83
CT Page 1818 (1932)." Bartlett v. Bartlett, 220 Conn. 372, 379 (1991). "Specific legacies, when no contrary intention appears from the will, vest at the testator's death. Platt v. Platt, 42 Conn. 330." Connecticut Trust Safe Deposit Co. v. Hollister, 74 Conn. 228, 231 (1901). Thus the Plaintiffs' mother's interest in any proceeds from the sale of the property, as part of the residuary estate, vested prior to her death.
In any event, the Plaintiffs' interpretation of the anti-lapse statute is clearly contrary to the plain language of the statute. The anti-lapse statute simply provides for the situation where the devisee or legatee has died before the testator. Here Ann Kustosik was alive at the time of the testator's death. "At common law, all legacies, not affected by substitutionary disposition, became intestate estate whenever the legatee died before the testator. Thus, as indicated above, a bequest to one who was dead when the will was executed was void, while a bequest to a living person lapsed at his death before that of the testator. Some pretty oppressive results were occasioned by these principles which frequently blocked the way for carrying out the testator's expressed intention. These injustices were most significant in those instances where the will provided legacies for close relatives. Eventually, the legislatures of the various states passed acts, commonly called non-lapse statutes, to circumvent the harshness of the common law rules. These statutes vary in scope, but they all have one common denominator. They permit a more meticulous execution of the expressed wishes of the testator." Ackermanv. Hughes, 11 Conn. Sup. 133, 135 (1942). Therefore the statute applies only to the situation where the devisee was dead at the time the testator executed his will or died subsequently thereto but before the testator. It does not apply where the legatee or devisee has died after the testator's death. That is just the situation presented here.
The cases cited by the Plaintiffs do not support a contrary result. InRitch v. Talbot, 74 Conn. 137 (1901), the court held that a legacy to a brother who had predeceased the testator did not lapse because of the application of the anti-lapse statute. In Clifford v. Cronin, 97 Conn. 434
(1922), the court held that the anti-lapse statute did not save a legacy to a brother who had died before the execution of the will. In Ackermanv. Hughes, 11 Conn. Sup. 133 (1942), the court did apply the anti-lapse statute to save a legacy to brothers who had died prior to the execution of the will. In City Bank Farmers Trust Co. v. Whitten, 137 Conn. 192
(1950), a devise made in a testamentary trust lapsed because of the death of the beneficiary leaving no descendants and the testator had made no provision as to the disposition of any lapsed gift. There the court held that the trust funds should be distributed in accordance with the provisions of General Statutes 7058. That statute provided for the distribution of intestate estates, State v. Cambria, 137 Conn. 604, 610
CT Page 1819 (1951), and is not the predecessor to today's anti-lapse statute.
The provisions of General Statutes § 45a-441 are not applicable to the situation here. Ann Kustosik and Koscyk Naumec were both alive when Nellie Naumec died. At that time they became entitled to her residuary estate. Since the proceeds of the sale of the Columbia property have become part of her residuary estate they are to be distributed pursuant to the express provisions of Paragraph Three of Nellie Naumec's will, that is, to the fiduciaries of the estates of Ann Kustosik and Koscyk Naumec. There is no void in her expressed intentions such that it must be filled by legislative determination.
Conclusion
The proceeds of the sale of the property shall be distributed pursuant to the provisions of the Paragraph Three of the will of Nellie Naumec, that is, to the fiduciaries of the estates of Ann Kustosik and Koscyk Naumec.
Scholl, J. CT Page 1820