Concetta Savelli *v*. Bernard Shapiro, Commissioner of Welfare

King, C. J., Murphy, Alcorn, Comley and Shannon, Js.

Argued December 3, 1964—decided January 20, 1965

*Joseph J. Burns,* for the appellant (plaintiff).

*Francis J. MacGregor,* assistant attorney general, with whom, on the brief, were *Harold M. Mulvey,* attorney general, and *Ernest H. Halstedt* and *Richard E. Rapuano,* assistant attorneys general, for the appellee (defendant).

PER CURIAM. The single issue of law in this case is whether the plaintiff could execute a binding oral "boarding agreement contemplating adoption" with the welfare commissioner pursuant to § 17-41 of the General Statutes. The commissioner has maintained in this court and in the court below that even if such an agreement were made, it is invalid and unenforceable because it was not executed in writing. Sections 45-61, 45-62 and 45-63 contemplate that all adoption agreements shall be in writing.

The plaintiff's appeal from the Juvenile Court for the third district was dismissed in the Superior Court. After the state had filed its answer denying certain paragraphs of the complaint in the Superior Court, the matter came on for hearing and was, according to the memorandum of decision, "argued . . . as though it were a demurrer, where the Commissioner admits facts well pleaded, and the issue raised became a question of law". No written demurrer appears of record. Indeed, it does not appear from what source the court obtained the facts upon which it based its decision. "The court could not adjudicate the point without having the issue raised by a written demurrer." *New Haven Sand Blast Co.* v. *Dreisbach,* 104 Conn. 322, 330, 133 A. 99. This defect in the procedural record is fatal, and the case must be remanded for action according to law. Practice Book §§ 79, 106, 107.

There is error, the judgment is set aside and a new trial is ordered.