MADELINE T. BERKELEY *v.* FREDERICK D. BERKELEY III
ET AL., EXECUTORS (ESTATE OF FREDERICK
D. BERKELEY), ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, JS.

Argued January 5—decided February 17, 1965

*Walter W. Walsh,* with whom, on the brief, were *Frank W. Flood* and *Robert K. Walsh,* for the appellant (plaintiff).

*Samuel R. Dorrance,* for the appellees (named defendant et al., executors).

KING, C. J.  Frederick D. Berkeley died on February 12, 1962, leaving a last will and testament which was admitted to probate on May 18, 1962, over the objections of his widow, Madeline T. Berkeley, hereinafter referred to as the contestant. In the Superior Court, the contestant amended her reasons of appeal so that her sole reason of appeal was that the decedent's will, executed on October 26, 1961, was revoked by the birth of a child on April 29,

1962, because the will made no provision for such a contingency within the requirements of § 45-162 of the General Statutes, printed in the footnote.[1] A demurrer to the contestant's amended reason of appeal, incorrectly termed an amended complaint, was sustained on the basic ground that the "statutory requirement . . . is fully met by the language of the will before the court." The contestant failed to plead over, and judgment was rendered for the proponents. The effect of this judgment was to affirm the decree of the Probate Court admitting the will as a valid testamentary instrument.

In the appeal to this court, the contestant has filed two assignments of error. The first claims error in an order by the Superior Court requiring the amendment of the reason of appeal to make it more specific. Since the order was not made a part of the record, there is no way in which this court can review this claim. It does not appear that the order was improperly made under Practice Book § 151.

The second assignment of error attacks the action of the Superior Court in sustaining the demurrer to the amended reason of appeal. The main ground of attack is that a demurrer will not lie to a reason of appeal under the rule of cases such as *St. Leger's Appeal*, 34 Conn. 434, 448.

In any appeal from probate, the Superior Court

---

[1] "Sec. 45-162. IMPLIED AND EXPRESS REVOCATION OF WILL. If, after the making of a will, the testator marries or a child is born to the testator or a minor child is legally adopted by him, and no provision has been made in such will for such contingency, such marriage, birth or adoption of a minor child shall operate as a revocation of such will. No will or codicil shall be revoked in any other manner except by burning, canceling, tearing or obliterating it by the testator or by some person in his presence by his direction, or by a later will or codicil."

is exercising a limited statutory jurisdiction and has no greater powers than the Probate Court. *Heiser* v. *Morgan Guaranty Trust Co.,* 150 Conn. 563, 565, 192 A.2d 44; *Palmer* v. *Reeves,* 120 Conn. 405, 409, 182 A. 138; *St. Leger's Appeal,* supra, 447; 1 Locke & Kohn, Conn. Probate Practice § 215. Since there is a trial de novo on the appeal to the Superior Court, the proponent of a will has the burden of proof on the statutory issues of due execution and testamentary capacity exactly as he had in the Probate Court. *Boschen* v. *Second National Bank,* 130 Conn. 501, 504, 35 A.2d 849; *Livingston's Appeal,* 63 Conn. 68, 74, 26 A. 470. This is so whether in the appeal from probate the proponent is the appellee or the appellant. *Livingston's Appeal,* supra, 75. Moreover, since the probate of a will is not strictly an adversary proceeding, this is a burden which cannot be fully waived by the agreement or pleading of the parties. *Livingston's Appeal,* supra.

It is true that under Practice Book § 151 reasons of appeal embracing each claim of invalidity intended to be raised, including any claim of lack of due execution or testamentary capacity, should be filed by a contestant. Cases such as *St. Leger's Appeal,* supra, which were decided before reasons of appeal were required to be filed under what is now Practice Book § 151, are no longer of controlling effect on this question of pleading. *Livingston's Appeal,* supra, 74; 1 Locke & Kohn, op. cit. § 207. But the effect of failing to include in the reasons of appeal either or both of these two statutory issues of due execution and testamentary capacity is to preclude the contestants from introducing any evidence concerning those issues. The proponents, however, must still produce evidence

of each statutory issue sufficient, at least, to make out a prima facie case. *Shulman* v. *Shulman,* 150 Conn. 651, 656, 193 A.2d 525. And the contestants may still cross-examine the proponents' witnesses as to these two statutory issues. *Livingston's Appeal,* supra, 75.

The effect, however, of failing to include in the reasons of appeal issues in avoidance, on which the contestants have the burden of proof, is quite different. Such issues include undue influence, fraud, mistake and revocation. *Spencer's Appeal,* 77 Conn. 638, 640, 60 A. 289; 2 Locke & Kohn, op. cit. § 307, p. 139. The contestants are precluded from introducing evidence, or cross-examining the proponents' witnesses, as to any such issue in avoidance not made a reason of appeal. *Livingston's Appeal,* supra; *Boschen* v. *Second National Bank,* supra; *Crane* v. *Manchester,* 143 Conn. 498, 501, 123 A.2d 752. Indeed, under the present form of Practice Book § 151, the trier cannot consider any issue in avoidance not made a reason of appeal. *Livingston's Appeal,* supra; 1 Locke & Kohn, op. cit. § 207. Even if the demurrer had been properly sustained to the amended reason of appeal alleging the facts claimed to establish revocation, the effect would be merely to remove that ground as a basis of appeal. Practice Book § 112; *Grady* v. *Kennedy,* 145 Conn. 579, 584, 145 A.2d 124. The two statutory issues of due execution and testamentary capacity, on which the proponents had the burden of proof, would still remain undisposed of unless and until the proponents had made out, as to each issue, at least a prima facie case. See cases such as *Shulman* v. *Shulman,* supra. The record does not indicate that the proponents ever presented any evidence in the Superior Court on either issue.

While there is language in *Livingston's Appeal,* supra, suggesting the possibility of affirming a decree of a court of probate on demurrer as a question of law, that possibility could not exist here since affirmance of the decree after the demurrer was sustained would erroneously obviate the requirement resting on the proponents to offer evidence at least making out a prima facie case as to the two statutory issues of due execution and testamentary capacity.[2] Issues in avoidance on which the contestant has the burden of proof may be susceptible of final disposition under a properly drawn demurrer. But the statutory issues of due execution and testamentary capacity remain unless the issue in avoidance is held adequate to render the will invalid, as in *Fulton Trust Co.* v. *Trowbridge,* 126 Conn. 369, 372, 11 A.2d 393. Here the ruling on the demurrer was adverse to the efficacy of the issue of revocation. It follows that even had the court been correct in sustaining the demurrer, there was error in the rendition, thereafter, of the judgment affirming the decree of the Probate Court admitting the will to probate as a valid, testamentary instrument.

It is clear, however, that the court was in error in sustaining the demurrer to the reason of appeal alleging that the will had been revoked under General Statutes § 45-162. The proponent may, by demurring to a reason of appeal raising an issue in avoidance, such as revocation, test the legal sufficiency of that reason of appeal. As in the case of

[2] In *Blake* v. *Union & New Haven Trust Co.,* 95 Conn. 194, 195, 110 A. 833, where the entire appeal from probate appears to have been disposed of, adversely to the contestants, solely on the issue of revocation, it is apparent that the necessity of a determination, after the introduction of evidence, of the statutory issues of due execution and testamentary capacity was not brought to the attention of the court.

any other pleading to which a demurrer is addressed, however, the demurrer cannot be sustained unless the pleading demurred to sets forth the facts necessary for a decision on the demurrer. *Utley* v. *Nolan,* 134 Conn. 376, 377, 58 A.2d 9; *Redmond* v. *Matthies,* 149 Conn. 423, 426, 180 A.2d 639; see also *Savelli* v. *Shapiro,* 152 Conn. 705, 706, 206 A.2d 647. The issue of revocation under § 45-162 involved two elements. The first was that a child had been born to the testator after the making of the will. The second was that "in such will" no provision had been made for that contingency within the requirements of § 45-162. In the instant case, the fact that a child had been born after the making of the will did properly appear in the reason of appeal and was admitted by the demurrer addressed to that reason of appeal. But since the will was not made a part of the amended reason of appeal, the element of failure to make provision in the will, adequate under the requirements of § 45-162, for the contingency of an afterborn child could not be determined and therefore could not be raised by demurrer. In other words, the facts essential to a correct determination of the question of revocation raised in the demurrer were not alleged in the reason of appeal. See Practice Book § 91.

It is true that Practice Book § 151 requires that in an appeal from probate, such as this one, a copy of the will be filed with the reasons of appeal. Compliance with this requirement would make the will a part of the record but not a part of the reason of appeal, which, by analogy, amounted to a complaint. Although a copy of the will was filed in this appeal, that fact did not and could not incorporate the will into the reason of appeal. This could prop-

erly be done only in accordance with the provisions of Practice Book § 91. And unless it were done, there could be no determination, on demurrer, of what the provisions of the will were and whether they were adequate under General Statutes § 45-162. The demurrer could not under any theory have properly been sustained, and the court's action in sustaining it was erroneous.

There is error, the judgment is set aside and the appeal from probate is remanded for further proceedings in conformity with this opinion.

In this opinion the other judges concurred.