[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #106
Before the court is the appellees' motion to strike the appellant's reasons of appeal filed on September 28, 2000. By motion filed July 25, 2000, William Breither, the appellant and the executor of the decedent's estate, appeals from an order and decree of the probate court of the district of Trumbull, dated June 28, 2000. In the order, the probate court ordered the appellant to revise the final account on the estate to reflect the proration of federal estate and Connecticut succession taxes pursuant to General Statutes § 12-401. The probate court's memorandum of decision indicates that the decedent, Shirley B. Gallant died leaving a last will and testament executed on January 15, 1992. The portion of the will relevant to the present case provides:
 I direct the payment of all my debts . . . and all legacy, succession, transfer, inheritance, estate and other similar taxes that may become payable, at or by reason of my death as an administration expense. I direct that the Federal Estate Tax, State Succession Tax, inheritance or other taxes be paid without any proration or apportionment against any legatee, devise, beneficiary or other recipient of such property.[1]
The third paragraph of the decedent's will provides that the rest, residue and remainder of the estate be divided equally among six individuals, two of whom are the appellees herein. The decedent's property included annuities and IRA accounts totaling $1,320,666.52, the total amount of which was included in the decedent's taxable estate for purposes of federal estate and Connecticut succession taxes. The appellees were not listed as beneficiaries on these annuities and IRA accounts. The appellant filed a final account with the probate court dated February 4, 2000, indicating that $693,953.08 was paid in federal estate and Connecticut succession taxes from the residuary estate. After the taxes, debts and expenses were paid, no residue remained to be divided among the residuary beneficiaries. Accordingly, the appellees, Bonnie A. Reynolds and Richard A. Reynolds, filed an objection to the final account alleging that pursuant to General Statutes § 12-401, the federal estate and Connecticut succession taxes should be paid proportionately by the beneficiaries of the annuities and the IRA accounts. The probate court agreed with the appellees and ordered the appellant to file an amended final account.
In the reasons of appeal the appellant alleges that the decedent's property passed according to the terms of her will, as she intended, and that the decedent's property should be distributed according to the final account submitted on February 4, 2000. On October 4, 2000, the appellees moved to strike the reasons of appeal on the ground that they are legally insufficient because the appellant does not allege that the decedent's CT Page 2648 direction against proration of taxes was clear and unambiguous, as required by General Statutes § 12-401. The appellant objects to the motion to strike on the ground that the reasons of appeal is adequately pled despite the absence of the terms "clear and unambiguous."
The reasons of appeal in a probate appeal serve essentially the same functions in defining issues and limiting evidence as does the complaint in a civil matter. Baskin's Appeal from Probate, 194 Conn. 635, 642,484 A.2d 934 (1984). Therefore, a motion to strike may be used to test "the legal sufficiency of the allegations of the [reasons of appeal]."Merrimac Associates, Inc. v. DiSesa, 180 Conn. 511, 513, n. 3,429 A.2d 967 (1980). The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Peter Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270-271,709 A.2d 558 (1999). In ruling on a motion to strike, the role of the trial court is to examine the complaints, construed in favor of the plaintiff's, and to determine whether the plaintiff's have stated a legally sufficient cause of action. Napoletano v. CIGNA Healthcare of Connecticut, Inc.,238 Conn. 216, 232-233, 680 A.2d 127 (1996). If facts provable in the complaint would support a cause of action, the motion to strike must be denied. Moreover what is necessarily implied in an allegation need not be expressly alleged. (Citation omitted; internal quotation marks omitted.) Pamela B. v. Ment, 244 Conn. 296,308, 709 A.2d 1089 (1998).
General Statutes § 45a-186 (a) provides in pertinent part: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specifically provided by law, may appeal therefrom to the Superior Court. . . ." Practice Book § 10-76(a) provides, in pertinent part: "Unless otherwise ordered, in all appeals from probate the appellant shall file reasons of appeal, which upon motion shall be made reasonably specific, within ten days after the return day; and pleadings shall thereafter follow in analogy to civil actions." "When entertaining an appeal from an order or decree of a Probate Court, the Superior Court takes the place of and sits as the court of probate. Kerin v. Stangle, 209 Conn. 260, 264, 550 A.2d 1069
(1998). In ruling on a probate appeal, the Superior Court exercises the powers, not of a constitutional court of general or common law jurisdiction. but of a Probate Court. Id. The stated reasons of appeal define the issues presented to the Superior Court. Berkeley v. Berkeley,152 Conn. 398, 401-02, 207 A.2d 579 (1965); See also, Satti v. Rago,186 Conn. 360, 365, 441 A.2d 615 (1982).
In this case, in the reasons of appeal, the appellant specifically CT Page 2649 alleges that the decedent's will directed that "the federal estate tax, state succession tax, inheritance or other taxes to be paid without anyproration or apportionment against any legatee, devise, beneficiary, or other recipient of such property." General Statutes § 12-401 provides in pertinent part:
 "(a) When it appears . . . in any appropriate proceeding in the Probate Court that an executor . ., has paid a death tax levied or assessed under the provisions of . . . the Connecticut estate tax, or under the provisions of . . . the federal estate tax, upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, the amount of the tax so paid, except when a testator otherwise directs in [her] will . . . shall, except as hereinafter provided in subsection (b), be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues." (Emphasis added.)
In other words Connecticut law provides for a statutory presumption that federal estate and state succession taxes are to be prorated among the beneficiaries. See Cornell v. Cornell, 165 Conn. 376, 385-86.334 A.2d 888 (1973). Bunting v. Bunting, 60 Conn. App. 665,675, 760 A.2d 989 (2000). General Statutes § 12-401 requires that estate taxes "be prorated unless the testator directs otherwise. Both our Supreme Court and the United States District Court for the District of Connecticut have held that this provision creates a statutory presumption that taxes shall be prorated. See Mosher v. United States,390 F. Sup. 1041, 1042-43 (D.Conn. 1975) . . .Cornell v. Cornell, supra, 165 Conn. 385-86. . . ."Bunting v. Bunting, supra, 60 Conn. App. 676. A testamentary directive against the prorating of taxes must be clear and unambiguous, since the practical effect of such a directive is to increase the size of the gifts to some by shifting to others the burden of absorbing the tax. New YorkTrust Co. v. Doubleday, 144 Conn. 134, 141, 128 A.2d 192 (1956).
The appellees' motion to strike is based on their assertion that the appellant fails to specifically allege in the reasons of appeal that the decedent's will contained a clear and unambiguous direction against proration. However, the appellees do not cite to, and the court is unaware of any authority mandating that the pertinent statutory language must be included in the reasons of appeal. "[T]echnical rules as to the formation and determination of issues are not properly applicable to reasons of appeal from probate." Estate of Zajicek v. Appeal from Glastonbury ProbateCT Page 2650Court, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 528186 (May 13, 1994, Corradino, J.). Moreover, "it is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. Indeed, the pleadings must be construed broadly and realistically, rather than narrowly and technically. Doe v. YaleUniversity, 252 Conn. 641, 667, 748 A.2d 834 (2000). In addition, the appellant has pled facts sufficient to negate the statutory presumption of proration. Accordingly, the appellees' motion to strike is hereby denied.
MELVILL, J.