[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#103)
 FACTS
This action is an appeal from the Court of Probate for the district of East Lyme. The defendant, the estate of Thomas R. Botti, now moves to strike the reasons of appeal filed by the plaintiff on April 4, 2001. In both counts of the reasons of appeal, the plaintiff, Nancy U. Botti, alleges the following facts. On June 3, 1987, Thomas R. Botti and the plaintiff, as husband and wife, acquired title to property located at 14 Goodwin Street in East Lyme as joint tenants with rights of survivorship. On June 16, 1999, Thomas Both filed a quitclaim deed, which purported to change his right in the property from that of a joint tenant with right of survivorship to a tenant in common with Nancy Botti. Thomas Botti subsequently died. The Court of Probate ruled that the deed filed by Thomas Botti was effective to vest a one-half interest in the property in Thomas Botti's estate.
On May 10, 2001, the defendant filed a motion to strike both counts of the reasons of appeal on the ground they fail to state a legally sufficient cause of action. The defendant also filed a memorandum of law in support of its motion. On May 24, 2001, the plaintiff filed a memorandum of law in opposition to the motion to strike. On July 9, 2001, the court heard oral argument on the defendant's motion. Additional facts are set forth below as necessary for resolution of the motion to strike as to each of the individual counts.
 DISCUSSION
General Statutes § 45a-186 (a) provides that "[a]ny person aggrieved CT Page 14867-d by any order, denial or decree of a court of probate in any matter, unless otherwise specifically provided by law, may appeal therefrom to the superior court. . . ." "When entertaining an appeal from an order or decree of a Probate Court, the Superior Court takes the place of and sits as the court of probate. . . . In ruling on a probate appeal, the Superior Court exercises the powers, not of a constitutional court of general or common law jurisdiction, but of a Probate Court." (Citations omitted.) Kerin v. Stangle, 209 Conn. 260, 264, 550 A.2d 1069 (1988). The stated reasons of appeal define the issues presented to the Superior Court. Berkeley v. Berkeley, 152 Conn. 398, 401-402, 207 A.2d 579
(1965).
The reasons of appeal in a probate appeal serve essentially the same functions in defining issues and limiting evidence as does the complaint in a civil matter. Baskin's Appeal from Probate, 194 Conn. 635, 642,484 A.2d 934 (1984). Therefore, a motion to strike may be used to test the legal sufficiency of the allegations of the reasons of appeal. See Practice Book § 10-76(a); Connecticut Junior Republic v. SharonHospital, 188 Conn. 1, 448 A.2d 190 (1982). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted."Doe v. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
In count one, the plaintiff alleges that on January 12, 1999, Thomas Botti filed for divorce and both he and the plaintiff became subject to the automatic court orders established by Practice Book § 25-5.[1]
The plaintiff further alleges that the deed filed by Thomas Botti was void because it violated the automatic orders in Practice Book §25-5. The plaintiff challenges the conclusion of the Court of Probate that the deed was effective to vest in Thomas Botti's estate a one-half interest in the subject property. CT Page 14867-e
The defendant moves to strike count one of the plaintiff's appeal on the ground that it fails to state a legally sufficient cause of action. Specifically, the defendant argues that the plaintiff may not rely on Practice Book § 25-5 to argue that the deed is void, because Practice Book § 25-5 applies solely to dissolution proceedings, which terminate upon the death of a party. Alternatively, the defendant argues that the decedent's action in transforming the joint tenancy to a tenancy in common did not violate Practice Book § 25-5 because the decedent's action in executing the deed did not remove, encumber, or transfer any property from the marital estate but merely changed how the property would be devised.
Connecticut's statutory and case law evinces the right of a joint tenant with right of survivorship to terminate that joint tenancy at any time. See General Statutes § 47-14c[2] Liscio v. Liscio.204 Conn. 502, 505, 528 A.2d 1143 (1987) (quitclaim of property by husband to third party extinguished existing joint tenancy between husband and wife; third party's quitclaim of property back to husband created a severable interest in the property).
The question before the court, however, is whether Practice Book §25-5 prohibits a party to a pending dissolution action from executing a deed to himself or herself, thus terminating a joint tenancy with right of survivorship and creating a tenancy in common. Neither party has cited, nor has this court found, any Connecticut authority addressing precisely this question. It has been observed by a judge of this court, however, that "[t]he purpose of the automatic orders in dissolution cases can be gleaned from the minutes of the committee relative to the adoption of the family rules. The minutes reflect what is set forth in the official commentary. The official commentary for Practice Book § 25-5
states that `[t]his rule, which is based on the automatic orders presently used in a number of states, is proposed to assist families in transition in maintaining, to the greatest extent possible, the status quo at the commencement of an action for dissolution of marriage.'"Acquarulo v. Acquarulo, Superior Court, judicial district of New Haven at New Haven, Docket No. 420132 (November 10, 1999, Jones, J.), quoting Procedures in Family Matters, Connecticut Law Journal, Vol. 58, No. 46 (May 13, 1997).
Contrary to the plaintiff's argument, the case of Lavariere v.Lavariere, Superior Court, judicial district of Hartford, Docket No. 725257 (March 8, 2001, Caruso, J.) does not hold that the decedent husband in a dissolution action, who, prior to his death, had transferred CT Page 14867-f his interest in property held jointly with his wife to a tenancy in common, violated Practice Book § 25-5. In Lavariere, the court denied the plaintiff wife's motion for contempt filed against the decedent husband for making the transfer, holding that the proper forum for the plaintiff's cause was the probate count.
A number of states having automatic orders similar to those of Connecticut have held that one spouse may terminate a joint tenancy with right of survivorship with the other spouse during the pendency of a dissolution action by deeding the property to him or herself as a tenant in common without violating the intent of the automatic orders. SeeEstate of Mitchell, 76 Cal.App.4th 1378, 91 Cal.Rptr.2d 192, 202 (1999) (holding the unilateral transfer of a property by a decedent to himself as a tenant in common does not violate automatic court orders because "aside from the injunctive orders, [the plaintiff] had no enforceable entitlement to the right of survivorship."); Lonergan v. Strom,145 Ariz. 195, 700 P.2d 893, 898 (App. 1985) ("[i]t is not the purpose of [the automatic orders] to freeze each party's estate plan as of the date of the filing of the petition for dissolution and thus insure that it will be effectuated without alteration in the event one of the parties dies before the entry of a final decree. The statutory intent is to forbid actions by either party that would dissipate the property of the marital estate or place it beyond the court's adjudicatory power in the dissolution proceeding."); In re Estate of Knickerbocker, 912 P.2d 969,976 (Utah 1996) (joint tenancy can be unilaterally terminated by one spouse and the termination of the joint tenancy does not violate court order against selling, encumbering, or mortgaging assets during pendency of dissolution proceeding).
"[T]he common characteristic of all [cotenancy property] interests [is that] the owners have no separate rights as regards any distinct portion of the land, but each is interested, according to the extent of his share, in every part of the whole land." lanotti v. Ciccio, 219 Conn. 36,41, 591 A.2d 797 (1991). Given the right of a joint tenant to terminate that tenancy at any time under Connecticut law, as previously noted in this memorandum, and the resulting lack of an enforceable entitlement to the right of survivorship, this court finds itself in agreement with the position taken by the courts in Mitchell, Lonergan, and Knickerbocker. The court will not read Practice Book § 25-5 to prevent a party to a dissolution action from changing that party's estate plan. Because the execution of a quitclaim deed changing a married couple's ownership from a joint tenancy to a tenancy in common does not remove, encumber or transfer any property from the marital estate, it does not violate the automatic orders set forth in Practice Book § 25-5. The plaintiff's CT Page 14867-g allegations in count one are therefore insufficient as a matter of law. The defendant's motion to strike is hereby granted as to the first count.
In count two, the plaintiff alleges that Thomas Botti's conveyance was ineffective in breaking the survivorship element of the joint tenancy and that at the time of Thomas Botti's death, the property was owned jointly with right of survivorship. The defendant moves to strike the second count on the ground that it fails to state a claim upon which relief can be granted. Specifically, the defendant argues that the decedent's actions were sufficient to terminate the joint tenancy with right of survivorship, and title to the decedent's share of the property properly vested in his estate.
The defendant's argument as to the second count must fail because it is dependent on facts not alleged. The plaintiff has alleged that Thomas Botti's conveyance was ineffective and that the ownership of the property was in the form of a joint tenancy with right of survivorship at the time of Thomas Botti's death. The defendant asks the court to find otherwise. As stated above, a motion to strike admits the facts alleged, and must be denied if it requires the court to assume contrary or additional facts. Consequently, the motion to strike the second count of the plaintiff's reasons of appeal is denied.
 CONCLUSION
Because the court finds that, as a matter of law, a conveyance of property changing the form of ownership from a joint tenancy with right of survivorship to a tenancy in common does not violate the automatic orders of Practice Book § 25-5. Consequently, the defendant's motion to strike is granted as to the first count. Because it would require the court to consider facts not alleged, the motion is denied as to the second count.