[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff appeals from a decree of the Probate Court for the District of Berlin, admitting for probate the last will and testament of his father, John J. Zotter, Sr. The appeal claims that the deceased was (1) of unsound mind and memory and lacked sufficient testamentary capacity to make and execute a will; (2) the will was executed while others exercised undue influence over him; and (3) the statutory requirements of due execution was not proven by a fair preponderance of the evidence. After trial to the court, the first two claims were abandoned. For the reasons set forth in detail below, the court dismisses the appeal.
 1. FACTS
From the testimony presented, the court finds the following facts:
John J. Zotter, Sr., the decedent, prior to June 14, 1999, had requested an attorney with whom he was acquainted to draft a will for him. Attorney Dennis Alex then visited the decedent in a convalescent home where he was staying and reviewed the will with the decedent, who suffered from terminal cancer and did not then have long to live. Attorney Alex explained each paragraph of the three-page document to Mr. Zotter. With him were the will's two witnesses, his own father, Charles Alex, and his uncle Carroll Alex, who were both known to Mr. Zotter. After Mr. Zotter acknowledged that he had asked Attorney Alex to prepare the will for him, Attorney Alex then asked the witnesses the questions contained in the self-proving affidavit and administered the oath to them.[1] The document is dated June 14, 1999 and is signed by the testator, signed by the two witnesses and contains the self-proving affidavit with the acknowledgment taken by Attorney Alex.
Mr. Charles Alex also testified. He is now eighty-two years of age and was a long-time friend and contemporary of the decedent. He could recall that he watched his friend sign the will. He recalled raising his hand and taking the oath his son administered to him and he knew that he had signed the will himself. On cross-examination, he could not recall the details of that day, almost three years earlier, and did not believe that the decedent specifically stated to him that this was his last will and testament. He did state that his friend knew why they were all there and that this was the last time he saw him.
 2. DISCUSSION CT Page 5278
"An appeal from probate is not so much an "appeal" as a trial de novo with the Superior Court sitting as a Probate Court and restricted by a Probate Court's jurisdictional limitations. Although the Superior Court may not consider events transpiring after the Probate Court hearing; it may receive evidence that could have been offered in the Probate Court, whether or not it actually was offered." (Internal citations and quotation marks omitted.) Gardner v. Balboni, 218 Conn. 220, 225,588 A.2d 634 (1991)
The proponents of a will bear the burden of proof as to due execution.Gardner v. Balboni, 218 Conn. 220, 225, 588 A.2d 634 (1991); Berkeley v.Berkeley, 152 Conn. 398, 401, 207 A.2d 579 (1965). A prima facie case of due execution may be established by calling to the witness stand the available attesting witnesses. Shulman v. Shulman, 150 Conn. 651, 656,193 A.2d 525 (1963). "The quantum of proof required is the ordinary one of a fair preponderance of the evidence, that is, that, on the whole evidence, it should reasonably appear more probable than otherwise that the instrument was executed in the manner required by statute." Wheat v.Wheat, 156 Conn. 575, 581-82, 244 A.2d 359 (1968).
The proponent of the will is Karlee L. Zotter, Administratrix of the Estate of John J. Zotter Sr. Plaintiff argues that the testimony of Charles Alex is insufficient to prove due execution of the Zotter will and that the statutory requirements for execution set forth in Connecticut General Statutes § 45a-251[2] were not strictly complied with. In addition, he claims that the proponent's failure to call the second witness, without a showing that he was unavailable, is fatal to this case. Next, he argues, since the statute has not been complied with, the will cannot be admitted and the estate must pass intestate. Plaintiff, as the document reveals, is to receive only $100 under this will and the residuary estate passes in equal shares to Ashley, Karlee and Laurie Zotter. If the will is not admitted, he would share equally with the others as an heir at law.
The court notes that in the Shulman case the court had the opportunity to consider the precise question raised in the present case. "It may be that the proponents should ordinarily call all of the attesting witnesses available and within the reach of process and examine each to the extent, at least, of making out a prima facie case of due execution. . . . On the other hand, this procedure is not the exclusive one of proving a will. Especially is this so where, as here, the will contains the statutory affidavit as to due execution . . . The sound rule is the one claimed by the proponents, that is, that they are not required as a matter of law . . . to call to the witness stand and examine, to the extent necessary to make out a prima facie case of due execution more than one of the attesting witnesses available and within the reach of CT Page 5279 process." Shulman v. Shulman, 150 Conn. 656, supra.
The court finds from the evidence, based on a preponderance of that evidence, that the proponent has made out a prima facie case of due execution of this will. There has been no evidence of any kind to suggest that the will was not properly executed by the testator and the witnesses and the credible testimony of Dennis Alex as well as Charles Alex support this conclusion. There is no ambiguity or illegible signature or other difficulty with the signatures of the witnesses and the affidavit itself.
And while the plaintiff is no longer claiming the issues of undue influence or lack of testamentary capacity, the proponent has also made out a prima facie case, as she must, of testamentary capacity. Specifically, both Dennis and Charles Alex testified to that capacity. The will reflects that the descendent specially intended to leave a specific sum to his son, who has had, as John Zotter, Jr. himself admitted, problems with addiction to drugs and alcohol. The plaintiff saw his father on the day the will was executed and was asked to leave the room while it was being signed. He also admitted that his father had not discussed his last will and testament with him.
For all of the foregoing reasons, the court dismisses the appeal and applies the order of the Probate Court admitting the will to probate.
BY THE COURT
BARBARA M. QUINN, Judge